The respondent, hereinafter called claimant, claims to have been injured while in the employ of the Farmers Garage, at Kenmare, North Dakota. He filed notice and proof of claim with the North Dakota workmen's compensation bureau, and after a hearing had thereon, the bureau denied the right of the claimant to participate in the workmen's compensation fund. On appeal by the claimant to the district court of Ward county from the order of the bureau dismissing the claim, that court, after issue joined, and hearing had, found in favor of the claimant, allowing the sum of $332.50, and $78.00 attorney's fees and costs. Judgment was entered thereon. From this judgment, the bureau appealed to this court.
The bureau alleges two propositions, on which it relies for a reversal of this case:
(1) That the evidence fails to support the finding that claimant received any injury of sufficient severity, and suffered any disability in fact, of sufficient period of time to entitle him to compensation. *Page 498 
(2) That at the time of the alleged injury, the claimant was not an employee of the Farmers Garage.
To enable a clearer understanding of the points in dispute, a short statement of the facts becomes necessary.
The Farmers Garage is a co-partnership, composed of one Hanson and Birdie Klemmens, and owned and operated by them. Mr. Hanson devotes his entire time to their said business. Birdie Klemmens is a married woman, the wife of the claimant. Prior to her marriage to claimant, she was a widow, and owned and operated the garage under the name of B.A. Ewert. After going into partnership with Mr. Hanson, she employed the claimant to balance the work and time of Mr. Hanson. She paid him $30 per week out of her one-half interest of the partnership earnings.
Claimant was the mechanic, and did practically all the welding and blacksmithing in the garage, and did whatever else there was to be done. Mr. Hanson was in charge of the business. Mrs. Klemmens was not at the place of business, but kept house for her husband. The claimant was insured in the workmen's compensation fund. The insurance premium had been paid. Touching the accident, claimant testified:
"I had a sleigh runner in my hands, and I had a shoe on the runner, as I turned to go to the drill to put a hole through that shoe, I caught the left foot and fell forward, and there was nail kegs in there with a lot of scrap iron, and I fell forward. That's the last I know until they picked me up."
Dr. Fisk was called, and he gave first aid to claimant, and after administering an hypodermic, he took claimant to his home. He complained of severe pain in the groin, in the region of the abdomen. The accident happened on January 9, 1924. From the day of the accident to January 21st, claimant remained in his home under the care of Dr. Fisk. On January 21st, claimant was taken on a stretcher to a hospital at Minot. He was there under the care of Dr. Peterson. He remained in the hospital for eleven days.
The doctors that attended claimant testified against him. Their testimony is to the effect that they could not discover any injury or organic trouble. It was the belief of Dr. Fisk that claimant feigned injury.
(1) The appellant maintains that the medical testimony quite *Page 499 
conclusively shows that claimant did not sustain any injury. On these facts, the trial court found adversely to appellant. These classes of cases are not tried de novo in the supreme court. Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N.D. 915, 194 N.W. 663.
In that case, the court said:
"The findings of the trial court, therefore, are presumed to be correct unless clearly opposed to the preponderance of the evidence."
As well as stated by the supreme court of Utah, in Heiselt Constr. Co. v. Industrial Commission, 58 Utah, 59, 15 A.L.R. 799, 197 P. 589:
"One of the most usual burdens imposed upon this court in this class of cases is that to be compelled to declare over and over again that the court is powerless to disturb findings which are supported by substantial evidence."
While it is true that the doctors testified that they could find no injury or organic trouble, it is also true that Dr. Fisk called at the home of the claimant about every day and sometimes twice a day, until he was taken to Minot. On one occasion, he called at four in the morning. It may be said that this was in response to a call from claimant's wife. Even so, it would seem exceedingly strange for a doctor to leave his bed at that hour of the morning to respond to a sick call when he knew that the patient was not sick or injured. The evidence also shows that both Doctors Fisk and Peterson advised claimant to rest.
The facts and circumstances in the case are of such a nature that the minds of reasonable men might readily differ thereon, and draw different conclusions therefrom. This being so, under the well established rule, this court is in no position to disturb the findings made by the trial court on the facts.
(2) Appellant next contends that the claimant was not an employee of the Farmers Garage. It is argued that Mrs. Klemmens, one of the partners, hired him to fill her place with the partnership, and that she paid him. Klemmens testified that he was employed by the "Farmers Garage." Although, he also admitted that Mrs. Klemmens did hire and pay him.
Mrs. Klemmens testified that he was employed in and about the Farmers Garage, and that she paid him out of her share of the *Page 500 
partnership earnings. While Mrs. Klemmens hired and paid him, he was reported to and insured in the workmen's compensation fund as an employee of the Farmers Garage.
The bureau found, touching claimant's employment, "that on January 9, 1924, the date on which claimant alleged he was injured, he was employed by the Farmers Garage as a mechanic, at Kenmare, North Dakota." The trial court found to the same effect.
The partnership is admitted. Under the law, each member of the partnership is an agent of the other, for the purpose of the business of the firm. That plaintiff was working in the garage, and doing all, or nearly all of the mechanical work, is not disputed. But great stress is placed on the fact that Mrs. Klemmens paid claimant for his work. Payment alone is not, however, the test by which to determine the existence of the relation of master and servant, or employer and employee. In a note to Hardy v. Shedden Co. 37 L.R.A. 33, at page 37, the annotator says:
"Of the test mentioned in the cases last cited, the fact that the servant's compensation was paid by the person alleged to be his master is the least conclusive, as will be apparent from the following decisions, which show how completely it is disregarded in cases of various types." Many cases are there cited.
Speaking on the subject, in an action under the Workmen's Compensation Act, the supreme court of Michigan said, in Arnett v. Hayes Wheel Co. 201 Mich. 67, 166 N.W. 957:
"But it is argued that Arnett was the servant of the Jackson Company, and is employed and paid by it. Ordinarily these are strong features in determining the question, but they are not controlling where it is shown that the employee was actually under the control of another person during the progress of the work."
That claimant performed partnership work exclusively is admitted. Mr. Hanson, one of the partners, was in the actual charge of the business and directed the work. The tools and machinery used by claimant belonged to and were the property of the partnership. His work and duties were to further the interests of the partnership. Both partners profited by his labors. The earnings from his labor went into the common partnership fund. The profits were divided equally between the partners. The partnership was in control of the Farmers *Page 501 
Garage where the claimant worked, and not Mrs. Klemmens. The claimant was actually controlled by the firm. It was the master. While in the course of its work and business, claimant was injured.
In Dale v. Saunders Bros. 171 App. Div. 528, 157 N.Y. Supp. 1062, the court of the appellate division said:
"It is not a question of hiring, or of master and servant, but of using and putting a man in hazardous employment which the Act has in view. The name of the act, `Workmen's Compensation Law,' indicates that it is not to be limited to cases where the actual relation of master and servant exists, but to workmen and those employing or using them in the manner stated. When it appears that a person is carrying on such hazardous employment for profit, and that a person in his service, which he is employing or using therein, receives an injury, compensation follows."
This decision was affirmed by the court of appeals, in id.,218 N.Y. 59, 112 N.E. 571, Ann. Cas. 1918B, 703.
The state, in the exercise of its police power, created the workmen's compensation fund, "for the well being of its wage workers," and provided that workmen injured in hazardous employments, and their families and dependents, shall have sure and certain relief.
The claimant was insured in the workmen's compensation fund, and the premium was paid. He was doing the work of the Farmers Garage, for which he was employed, and in the course of that employment, he was injured.
The judgment appealed from is affirmed, with costs.
CHRISTIANSON, Ch. J., and BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.
BURKE, J., did not participate; Honorable M.J. ENGLERT, Judge of the First Judicial District, sitting in his stead. *Page 502