[File No. 5926.]

M. J. BARTLEY, Respondent, v. THOMAS ASHBRIDGE et al.
THE WORKMEN'S COMPENSATION BUREAU OF THE
STATE OF NORTH DAKOTA, Appellant.

(237 N. W. 758.)

Opinion filed July 25, 1931. Rehearing denied August 12, 1931.

*Thos. J. Burke,* Assistant Attorney General, for appellant.

*Scott Cameron* and *C. L. Crum,* for respondent.

CHRISTIANSON, Ch. J.   On August 27, 1929, the plaintiff Bartley sustained certain injuries in an automobile collision.   Thereafter he duly presented a claim to the Workmen's Compensation Bureau for compensation for such injuries.   The claim was based upon the ground that at the time the injuries were sustained he was employed as a traveling salesman by the Bismarck Bottling Works; that said injuries were sustained in the course of such employment and that at the time such injuries were sustained said Bismarck Bottling Works had fully complied with the provisions of the North Dakota Workmen's Compensation Act so as to afford to the plaintiff the benefit of the protection afforded by said act.   The claim was rejected by the Workmen's Compensation Bureau on the ground that said Bartley had ceased to be an employee of said Bismarck Bottling Works on or about August 24th, 1929; that he was not an employee of said Bismarck Bottling Works on August 27th, 1929, when the injuries were sustained, and that, consequently, such injuries were not sustained by said plaintiff in the course of his employment.   Plaintiff thereupon appealed to the district court from the decision of the Workmen's Compensation Bureau.   The district court rendered judgment in favor of the plaintiff and the Workmen's Compensation Bureau has appealed to this court.

It is contended by the appellant that the decision of the district court is erroneous and must be reversed because:   (1) Plaintiff's employment had terminated prior to August 27th, 1929, either by discharge or abandonment, and that consequently he was not an employee of the Bismarck Bottling Works at the time the accident occurred; and (2) that though such employment had not been terminated, the plaintiff, at the time the injuries were sustained, was not acting within the scope

of his employment but was engaged in a purely personal venture and, hence, his injuries were not sustained in the course of employment.

The facts necessary to an understanding of the questions thus presented are substantially as follows: During April, 1929, the plaintiff was employed by the Bismarck Bottling Works as a traveling salesman and collector. The orders for goods and remittances for, and reports of, collections were at times transmitted by mail, and at other times delivered by the plaintiff in person. The territory assigned to him covered a large area in the southwestern part of North Dakota, with headquarters at Bismarck. It is undisputed that the place where the accident occurred was within the territory assigned to the plaintiff. It is also undisputed that the plaintiff remained in his employment with the Bismarck Bottling Works until August 24, 1929. The Workmen's Compensation Bureau claims that the employment terminated on or about that date. The plaintiff, however, claims that the employment had not terminated prior to August 27th; that he had not been discharged from, nor had he abandoned, such employment and that he was engaged in such employment at the time the accident occurred on August 27th. The evidence bearing on these respective contentions is in substance as follows: It is undisputed that the plaintiff in the week commencing August 18th, went out on what is known as the north Soo trip; that he returned to Bismarck Wednesday, August 21st, and reported to the manager of the Bismarck Bottling Works; that at that time he received certain statements of account due to the Bismarck Bottling Works from customers in the territory lying along the Soo railway south of Bismarck and was directed to make what is denominated as "the south Soo trade," that is, to call on customers and make collections in that territory. This was the last time the plaintiff was seen by the manager of the Bismarck Bottling Works until after the accident had occurred.

The manager of the Bottling Works testified that he started to make inquiries for the plaintiff on Friday, August 23rd, and continued to make such inquiries up to and including Monday, August 26th. That among others, he made such inquiries by telephoning plaintiff's wife. The manager testified that he had no intention of dismissing plaintiff from the employment until Monday, August 26th, but that on that day he decided to dispense with plaintiff's services and employed another

man to take plaintiff's place. It is undisputed that no notice of discharge or termination of the employment was communicated to the plaintiff.

The plaintiff testified that he returned from the south Soo trip on the evening of Friday, August 23rd; that he did not report to his employer at that time; that his car needed overhauling and that on the day following, namely, Saturday, August 25th, he took the car to a private garage operated by a man named Smith; that the plaintiff assisted Smith in overhauling the car; that the plaintiff slept at Smith's house that night; that he and Smith continued to work on the car the following Sunday and did not complete the overhauling until Monday, August 26th; that after the car had been reassembled he tested it by driving it for some distance and thereafter made some further adjustments; that plaintiff went to his home Monday evening, and on Tuesday he drove to Mandan for the purpose of calling on the trade and making collections for the Bismarck Bottling Works. Plaintiff testified it was his custom, and the understanding between him and his employer, that he was "to make Mandan" between the different trips to outlying territory. In going to Mandan (which is only about six miles from Bismarck) the plaintiff took with him his three daughters, ranging in ages from four to ten years, and one of their playmates, the daughter of a neighbor, and a certain young bond-salesman. The evidence clearly shows that while in Mandan the plaintiff called on customers of the Bottling Works; that he solicited trade and collected a bill owing to the Bottling Works from one of its customers in Mandan. The accident happened on the return trip from Mandan to Bismarck. According to the evidence the plaintiff, on such return trip, departed from the main traveled highway a short distance. The reason for the departure, according to his testimony, was that one of the children desired "to go to the bathroom." The collision occurred as plaintiff was re-entering the highway and after his car was partly, if not wholly, on the highway. That is, plaintiff's car was struck by a car coming along the main traveled highway from the opposite direction. The undisputed evidence shows that plaintiff was employed on a monthly salary basis of $125.00 per month and that his salary was payable on the first of each month. The undisputed evidence also shows that the plaintiff furnished his own car in carrying on his work and that at

the time of the accident he was traveling in the car used for such purpose.

As said, the trial court found in favor of the plaintiff on all controverted questions of fact and in our opinion these findings must be sustained. It is the settled rule in this jurisdiction that an appeal from a judgment of a district court rendered upon an appeal from the Workmen's Compensation Bureau is not triable anew in this court, but that the findings of the district court are presumed to be correct and will not be disturbed unless shown to be clearly opposed to the preponderance of the evidence. Gotchy v. North Dakota Workmen's Comp. Bureau, 49 N. D. 915, 194 N. W. 663; Klemmens v. North Dakota Workmen's Comp. Bureau, 54 N. D. 496, 209 N. W. 972. In this case the Workmen's Compensation Bureau found all the facts in favor of the plaintiff with the single exception that if found that the employment had been terminated on or about August 24th; that consequently he was not an employee of the Bismarck Bottling Works on August 27th, and, hence, was not entitled to compensation.

The employment here was for no specific term, but the arrangement between the parties seems to have been on a monthly basis, as the compensation was fixed and paid per month. The term of employment continued at least until May 31st. The employment was in existence on May 27th, unless plaintiff had abandoned it or had been discharged prior to that time. The employment could not be terminated by the employer without notice to the employee. Comp. Laws 1913, § 6129; 39 C. J. pp. 73, et seq. The evidence in this case affirmatively shows that the plaintiff was given no notice of discharge or termination of the contract of employment. In fact, it does not seem to be seriously contended by the appellant in this case that the employment was terminated by a discharge of the plaintiff by his employer; but it is argued that the plaintiff abandoned his employment. As said, the trial court found to the contrary and we are agreed that it cannot be said that the evidence in this case preponderates against such finding. On the contrary, as we construe the evidence, it fails to show any abandonment. of the employment. It is argued that one reason, if not the primary reason, for the plaintiff's failure to report to his employer was fear that "he would be presented with his walking papers immediately on his

arrival;" and that plaintiff thought that if he could go out and obtain some orders and make some collections that he might be permitted to retain his position. This argument in effect admits that there was no discharge; also, that there was no intention to abandon the employment.

In our opinion here is no evidence justifying a finding of abandonment, and the trial court's finding that the employment continued on August 27th, is in accord with, rather than opposed to, the preponderance of the evidence.

It is next contended that "aside from the question of employment, plaintiff was at the time of the injury for which he is seeking compensation engaged in a purely personal venture." As said, this was not a basis for the rejection of the claim by the Compensation Bureau. It was, however, asserted by way of defense in the district court. In our opinion the position is not well taken. The plaintiff here was not under the immediate direction of his employer so far as routes of travel were concerned. He had a general assignment of work. To perform it he must do a considerable amount of travel. But the routes of travel were not designated. He might choose his own routes of travel in performing his work. According to the evidence and the findings of the trial court he was engaged in the performance of his work at the time the accident occurred. Even though the route of travel be deemed material, it could not be said as a matter of law that at the time of the accident the plaintiff was acting outside the scope or course of employment. Kohlman v. Hyland, 54 N. D. 710, 50 A.L.R. 1437, 210 N. W. 643. Even disregard of instructions by an employee does not defeat his right to compensation, where there is no wilful intention on the part of the employee to injure either himself or another. State ex rel. Storm v. Hought, 56 N. D. 663, 58 A.L.R. 186, 219 N. W. 213.

At the time of the accident the plaintiff was returning from a trip of the kind contemplated by his employment. He had returned to the usual route of travel. He was driving the automobile used by him in doing his work and was returning to his headquarters. The finding of the trial court that he was then in the course of his employment has substantial support in, and is not opposed to, the preponderance of the evidence. State ex rel. London & L. Indem. Co. v. District Ct. 141

Minn. 348, 170 N. W. 218; State ex rel. McCarthy Bros. Co. v. District Ct. 141 Minn. 61, 169 N. W. 274.

The judgment appealed from is affirmed.

BURR, NUESSLE, BIRDZELL, and BURKE, JJ., concur.