2012 ND 244

**Brendan MULDOON, Appellant**

v.

**NORTH DAKOTA WORKFORCE SAFETY AND INSURANCE FUND, Appellee.**

**and**

**Patrick Lauth Contracting, LLC, Respondent.**

**No. 20120273.**

Supreme Court of North Dakota.

Nov. 27, 2012.

Stephen D. Little, Bismarck, ND, for appellant.

Jacqueline Sue Anderson, Special Assistant Attorney General, Fargo, ND, for appellee North Dakota Workforce Safety and Insurance Fund.

CROTHERS, Justice.

[¶ 1] Brendan Muldoon appealed a district court judgment affirming an order from an administrative law judge ("ALJ") which affirmed an order of Workforce Safety and Insurance ("WSI") finding Muldoon was an employer under N.D.C.C. § 65–01–02(17), Muldoon wilfully failed to secure workers' compensation coverage for his employees and Muldoon was personally liable for past premiums and penalties owed to WSI. We affirm, concluding the ALJ's findings were supported by a preponderance of the evidence.

## I

[¶ 2] On July 11, 2008, Brandon Morin applied to WSI for workers' compensation benefits for an injury he sustained while employed by Patrick Lauth. WSI determined Lauth did not have workers' compensation coverage. WSI issued a Notice of Decision finding Lauth intentionally violated N.D.C.C. § 65–04–33 by failing to secure coverage for his employees. After an investigation, WSI determined both Lauth and Muldoon were partners in Patrick Lauth Contracting, LLC and concluded Muldoon also was personally liable for failure to provide workers' compensation coverage. Muldoon requested an administrative hearing to contest the findings.

[¶ 3] The ALJ found Lauth and Muldoon entered into an agreement to be partners. No written documentation of the agreement existed. Muldoon handled the finances, including preparing invoices, advertising, paying bills, paying employees and opening bank accounts. Lauth was responsible for the physical labor, supervision and project completion. Muldoon opened an account at U.S. Bank entitled "Brendan Muldoon dba Lauth Installation." Only Muldoon's contact information was provided for the account. Lauth did not have authority to draw checks on the account. Muldoon opened the account by depositing $1,373 of his own money. Muldoon wrote checks out of this account to employees for hourly wages. Later, Muldoon opened another business account at U.S. Bank entitled "Patrick Lauth Contracting, LLC." Both Lauth and Muldoon were listed as joint owners of the account, but Lauth neither wrote checks nor had access to checks for the account. Muldoon made the initial deposit of $2,000 into the new account from his personal account. Employees of Lauth Contracting, LLC were hired by Lauth with Muldoon's acknowledgment and consent. Lauth Contracting, LLC primarily performed work on properties Muldoon either owned or had a financial interest in. Lauth received an hourly wage from the LLC. According to Lauth, the LLC did not make a profit when working on properties owned by Muldoon.

[¶ 4] The ALJ concluded Muldoon was an employer of Morin and other named employees, Muldoon wilfully failed to secure workers' compensation coverage and Muldoon was personally liable for past premiums and penalties owed to WSI. Muldoon's Petition for Reconsideration was denied. The district court affirmed the ALJ's order.

## II

[¶ 5] "Courts exercise limited appellate review of decisions of an administrative agency under the Administrative Agencies Practice Act, N.D.C.C. ch. 28–32." *Bishop v. N.D. Workforce Safety and Ins.*, 2012 ND 217, ¶ 5, 823 N.W.2d 257. Under N.D.C.C. §§ 28–32–46 and 28–32–49, the district court and this Court must affirm an order of the administrative agency unless:

"1. The order is not in accordance with the law.

2. The order is in violation of the constitutional rights of the appellant.

3. The provisions of this chapter have not been complied with in the proceedings before the agency.

4. The rules or procedure of the agency have not afforded the appellant a fair hearing.

5. The findings of fact made by the agency are not supported by a preponderance of the evidence.

6. The conclusions of law and order of the agency are not supported by its findings of fact.

7. The findings of fact made by the agency do not sufficiently address the evidence presented to the agency by the appellant.

8. The conclusions of law and order of the agency do not sufficiently explain the agency's rationale for not adopting any contrary recommendations by a hearing officer or an administrative law judge."

N.D.C.C. § 28–32–46.

▌▌▌ [¶ 6] This Court applies "the same deferential standard of review to the ALJ's factual findings as used for agency decisions." *Bishop,* 2012 ND 217, ¶ 6, 823 N.W.2d 257. "This Court does not make independent findings of fact or substitute its judgment for that of the administrative agency." *Johnson v. N.D. Workforce Safety and Ins.,* 2012 ND 87, ¶ 6, 816 N.W.2d 74 (quotation omitted). Instead, "we determine whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record." *Id.* (quotation omitted). "In an appeal from a district court's review of an administrative agency decision, we review the agency's decision, not the district court's decision." *Id.*

## III

[¶ 7] The first issue is whether Muldoon was an employer of Morin as defined by N.D.C.C. § 65–01–02(17). An employer is defined as "a person who engages or received the services of another for remuneration unless the person performing the services is an independent contractor under the common-law test." N.D.C.C. § 65–01–02(17). Muldoon argues the ALJ erred by not applying the twenty-factor common law test. The twenty-factor test is found in N.D. Admin. Code § 92–01–02–49(1)(b)(1)–(20). However, the burden of proving Muldoon or Morin was an independent contractor fell on Muldoon, not WSI.

"Each individual who performs services for another for remuneration is presumed to be an employee of the person for which the services are performed, unless it is proven that the individual is an independent contractor under the common-law test. The person that asserts that an individual is an independent contractor under the common-law test, rather than an employee, has the burden of proving that fact."

N.D.C.C. § 65–01–03(1). The ALJ found it undisputed that Morin and other individuals provided services for remuneration and correctly concluded Muldoon had the burden to prove those individuals were not employees of Patrick Lauth Contracting, LLC. Muldoon also argues he did not hire or fire any employees. Even if only Lauth was responsible for hiring employees, it does not follow the employees only would be employees of Lauth. "Each partner is an agent of the partnership for the purpose of its business." N.D.C.C. § 45–15–01(1). Moreover, the record supports the ALJ's finding that employees were hired by Lauth with Muldoon's acknowledgment and consent.

[¶ 8] Muldoon primarily argues the ALJ relied on the testimony of Lauth instead of the testimony of Muldoon and other witnesses. The ALJ found Lauth's testimony to be more credible. The ALJ found Lauth to be candid and that Lauth's testimony was more consistent with the exhibits than Muldoon's. Muldoon is asking this Court to reweigh the evidence on appeal. We explained in *Vogel v. Workforce Safety and Ins.,*

> "[A]n administrative law judge 'hears the witnesses, sees their demeanor on the stand, and is in a position to determine the credibility of witnesses,' and is, therefore, 'in a much better position to ascertain the true facts than an appellate court relying on a cold record' without 'the advantage . . . of the innumerable intangible indicia that are so valuable to a trial judge.' "

2005 ND 43, ¶ 6, 693 N.W.2d 8 (quotation omitted). "[W]e defer to the hearing officer's opportunity to judge the credibility of witnesses." *Id.* (quotation omitted).

[¶ 9] Muldoon challenges the ALJ's factual findings. Our review of an ALJ's factual findings is limited to determine "whether a reasoning mind reasonably could have decided the agency's findings were proven by the weight of the evidence from the entire record." *Johnson,* 2012 ND 87, ¶ 6, 816 N.W.2d 74 (quotation omitted). Conflicting testimony exists concerning Muldoon's business relationship with Lauth. Lauth testified he and Muldoon were partners, which Muldoon denied. Muldoon admitted he opened up a checking account for Lauth in the name of Brendan Muldoon d.b.a. Lauth Installation and the only authorized signer on the account was Muldoon. Muldoon also admitted he filled out the necessary paperwork to organize Lauth Contracting, LLC and directed Lauth to sign where necessary. Lauth was authorized to charge items on Muldoon's Menard's charge account for expenses associated with Lauth Contracting, LLC. Muldoon argues he assisted Lauth out of a sense of altruism because Lauth's poor credit prevented Lauth from opening his own accounts.

[¶ 10] The ALJ found Lauth more credible than Muldoon, and its findings of fact reflect Lauth's characterization of the business relationship as a partnership between Lauth and Muldoon. This Court may not make independent findings of fact. *Mickelson v. N.D. Workforce Safety and Ins.,* 2012 ND 164, ¶ 8, 820 N.W.2d 333. Giving deference to the ALJ's assessment of the credibility of the witnesses, we conclude the ALJ's findings are supported by a preponderance of the evidence.

IV

[¶ 11] The second issue is whether Muldoon wilfully violated N.D.C.C. § 65-04-33 by failing to secure workers' compensation coverage in 2008 for the employees of Lauth Contracting, LLC. Muldoon argues he had no knowledge of the statutory requirements of chapter 65-04, N.D.C.C., and he had no knowledge of the terms and conditions of the employment relationship between Lauth and the individual employees.

[¶ 12] "An employer . . . who willfully fails to secure coverage for employees, is liable to the state in the amount of two thousand dollars plus three times the difference between the premium paid and the amount of premium the employer should have paid." N.D.C.C. § 65-04-33(2). The ALJ found Muldoon intentionally and willfully engaged in conduct to avoid paying workers' compensation coverage for the employees of Lauth Contracting, LLC.

[¶ 13] Wilful conduct is "conduct engaged in intentionally and not inadvertently." *Forbes v. Workforce Safety and Ins. Fund,* 2006 ND 208, ¶ 13, 722 N.W.2d 536.

"A state of mind can rarely be proven directly and must usually be inferred from conduct and circumstantial evidence." *Id.* (quotation omitted). The ALJ found Muldoon was aware workers' compensation coverage was required for all employees and Muldoon intentionally tried to avoid the responsibility to provide coverage by inducing Lauth to sign a document sent to WSI representing that Lauth was the sole owner of Lauth Contracting, LLC.

[¶ 14] The record supports this finding. Muldoon testified he discussed workers' compensation coverage with Lauth. Muldoon knew his secretary, as his employee, required workers' compensation coverage. Lauth testified that when Morin filed his claim with WSI, Muldoon drafted a form for Morin to sign representing Morin was a subcontractor. Muldoon testified he filled out paperwork designating Lauth as the sole owner of Lauth Contracting, LLC and asked Lauth to sign the document before Muldoon faxed the document to WSI. The record supports the ALJ's finding Muldoon willfully failed to provide workers' compensation coverage.

## V

[¶ 15] Finally, Muldoon argues he is not personally liable for past premiums and penalties owed to WSI. An employer who wilfully fails to secure workers' compensation coverage is personally liable for past premiums and penalties owed. N.D.C.C. § 65–04–33(2). When an individual is employed by a partnership, the partners are employers subject to personal liability. *Klemmens v. N.D. Workmen's Comp. Bureau*, 54 N.D. 496, 499–500, 209 N.W. 972, 973 (N.D.1926) (holding a mechanic working in a garage owned by a partnership is an employee of the partnership, not the individual partner). If the employer is a LLC, personal liability for premiums is imposed on a manager or governor of a limited liability company. N.D.C.C. § 65–04–26.1(1). Muldoon and Lauth engaged in business as a partnership and filed as a limited liability company. From the record it is unclear whether the ALJ made findings relating only to the time Muldoon and Lauth were partners before the LLC was formed, or whether the ALJ intended to disregard formation of the LLC and impose liability as partners for the entire period. If the former, the record supports the ALJ's finding that Muldoon as a partner was an employer and that he wilfully failed to provide the required workers' compensation coverage. If the latter, the issue was not raised below. "It is well-settled that issues not raised in the district court may not be raised for the first time on appeal." *Paulson v. Paulson*, 2011 ND 159, ¶ 9, 801 N.W.2d 746; *see also Unser v. N.D. Workers Comp. Bureau*, 1999 ND 129, ¶ 14, 598 N.W.2d 89 ("An issue not properly raised before the trial court cannot be brought for the first time on appeal."). On this record and on the issues raised below, we conclude Muldoon was properly found personally liable for premiums.

## VI

[¶ 16] We affirm the district court's judgment upholding the ALJ's order concluding Muldoon was an employer who willfully failed to provide workers' compensation coverage for employees and is personally liable for past premiums and penalties owed to WSI.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER and DALE V. SANDSTROM, JJ., concur.