Harry J. DIDUCK, individually and as a participant in the Local 95 Insurance Trust Fund and the Local 95 Pension Fund, and on behalf of all other persons who are, will be, or have at any time since January 1, 1980 been participants or beneficiaries in the Funds, similarly situated, Plaintiff,

v.

KASZYCKI & SONS CONTRACTORS, INC.; William Kaszycki; John Senyshyn; Trump–Equitable Fifth Avenue Company; Donald J. Trump; Donald J. Trump d/b/a the Trump Organization; and the Equitable Life Assurance Society of the United States, Defendants.

No. 83 Civ. 6346 (CES).

United States District Court,
S.D. New York.

March 10, 1993.

Hall & Sloan by Wendy E. Sloan, New York City, for plaintiff.

Lambert & Weiss by Kenneth Aron, New York City, for defendant Trustees.

Mait, Wang & Simmons by Robert Wang, New York City, for defendant Senyshyn.

Jay Goldberg, New York City (Judd Burstein, P.C., New York City, of counsel), for Trump defendants.

## ORDER

STEWART, District Judge:

Before the Court is an application to stay the proceedings in this case until the substitution of a new plaintiff's class representative is effected. As set forth below, the application is granted.

## FACTS

The underlying facts of this case have been set forth in several prior opinions. *See, e.g., Diduck v. Kaszycki & Sons Contractors, Inc.,* 774 F.Supp. 802 (S.D.N.Y.1991). Familiarity with these opinions is presumed.

The instant dispute stems from the fact that the named plaintiff's class representa-

tive,[1] Harry Diduck, recently passed away. Certain defendants[2] and a potential defendant[3] request a stay until a new plaintiff's class representative is designated in place of Mr. Diduck. The Trump defendants are scheduled to file papers on numerous issues on April 1, 1993.[4] In addition, a motion has been made to substitute the Estate of John Senyshyn as defendant in place of John Senyshyn. The Estate's opposition papers have not yet been filed.

## DISCUSSION

■ Neither counsel nor this Court have found any cases that directly address whether proceedings in a class action are stayed pending the substitution of a new plaintiff's class representative. Nonetheless, the standards relating to class action representatives and stays of proceedings in other situations provide useful guidance. Thus, resolving whether to stay an action should be within the discretion of the trial court. *See, e.g., John's Insulation, Inc. v. Siska Constr. Co., Inc.,* 671 F.Supp. 289, 297 (S.D.N.Y.1987) ("federal district court has the inherent power, in the exercise of its discretion, to stay an action pending before it" (citing *Landis v. North American Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 165–66, 81 L.Ed. 153 (1936)); *Hachette Distribution, Inc. v. Hudson County News Co., Inc.,* 136 F.R.D. 356, 358 (E.D.N.Y.1991) (unlike New York State trial court, federal district court has discretion to stay discovery pending determination of a dispositive motion). Moreover, the movant should bear the burden of "demonstrating the wisdom and justice of a stay." *John's Insulation,* 671 F.Supp. at 297.

■ Determining whether to stay an action pending the substitution of a new plaintiff's class representative is fact specific and thus requires a case-by-case inquiry. Although no single factor should be dispositive, the following merit consideration: the probability that an "adequate" class representative will be substituted; the hardship to the parties; the number of parties that join the application to stay; the posture or stage of the litigation; the efficiency of the administration of justice; and other relevant circumstances. *See generally Hachette Distribution,* 136 F.R.D. at 358.

■ The probability that a new class representative will be substituted is an important factor. Federal Rule of Civil Procedure 23(a)(4) requires that a class representative "fairly and adequately protect the interests of the class." Clearly a class representative who has passed away cannot comply with this requirement.[5] However, this Court notes—but does not decide—that a new class representative could step into the role played by Mr. Diduck.

1. This case involves several different causes of action. The sixth cause of action has been certified as a class action. *See Diduck v. Kaszycki & Sons Contractors, Inc.,* 737 F.Supp. 792, 798 (S.D.N.Y.1990). The second cause of action has not been certified as a class action, and is brought derivatively. *Id.* at 799.

2. These defendants are: the Trump–Equitable Fifth Avenue Company, the Trump Organization, Inc., Donald J. Trump *d/b/a* the Trump Organization, the Equitable Life Assurance Society (collectively the Trump defendants) and the Trustees of the House Wreckers Union Local 95 Insurance Trust Fund and the House Wreckers Union Local 95 Pension Fund (the nominal defendant).

3. John Senyshyn had been a defendant in this case. He too recently passed away. His wife, Stella Senyshyn, is apparently the representative of the Estate of John Senyshyn.

4. These issues include: a summary judgment motion on whether the Trump defendants can be held liable as employers under the ERISA statute; a motion to amend the Trump defendants' answer to counterclaim for reformation of the collective bargaining agreement; a motion *in limine* concerning the admissibility of parol evidence; a motion to strike the plaintiff's jury demand; and a motion concerning the Trump defendants' burden on the question of damages.

5. A class action can continue despite the mootness of the class representative's claim. Once a class is certified, "the class of unnamed persons described in the certification acquire[ ] a legal status separate from the interest asserted by the [plaintiff]." *Sosna v. Iowa,* 419 U.S. 393, 399, 95 S.Ct. 553, 557, 42 L.Ed.2d 532 (1975). *See also Ford v. United States Steel Corp.,* 638 F.2d 753, 759 n. 18 (5th Cir.1981) (*Franks v. Bowman Transportation Co.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976) "seems to affirm the proposition that a class, once certified, has an independent and adequate stake in the action to survive the apparent mootness of the named plaintiff's claims, and to satisfy the 'live controversy' requirement of Article III").

Letters from the attorney for the deceased plaintiff indicate that she intends to continue to litigate this case and that a new class representative—although not identified—has come forward. Moreover, Federal Rule of Civil Procedure 23(d)(2) permits intervention by class members. Intervention should also be allowed under Federal Rule of Civil Procedure 24(a) "as of right whenever it appears that the named representative cannot adequately represent the interests of the class." *Vuyanich v. Republic Nat'l Bank of Dallas*, 82 F.R.D. 420, 437 (N.D.Tex.1979) (citing 7A C. Wright & A. Miller § 1799). Thus, it seems likely that a new class representative will be substituted.

The Trump defendants, however, face possible significant hardship if a stay is not granted. These defendants are in the midst of preparing numerous motions on a wide variety of issues. If it turns out that an adequate class representative is not substituted, these motions would be moot. The costs to these defendants for preparing these moot motion papers would be substantial. On the other hand, the sole hardship to the plaintiff's class is a delay. Moreover, the length of such a delay may be insignificant if a prompt motion to substitute is made.

It should also be noted that both the nominal defendant and the potential defendant, Ms. Senyshyn as the representative of the Estate of John Senyshyn, have also requested a stay. In addition, the posture of this case will not be significantly changed if a stay is granted. Although this case has an extended history, at this stage an anticipated short stay will not sidetrack the litigation. For the same reason, the efficient administration of justice will not be substantially hampered by a short stay. Taken together, these factors indicate that a stay should be granted.

### Conclusion

The application to stay this case is granted. The attorney for the former plaintiff shall move to name a new plaintiff's class representative immediately, but no later than Friday, March 26, 1993. If this motion is granted, the stay will be simultaneously lifted. One week after the date of the order naming a new class representative, the Trump defendants' papers will be due. Similarly, Ms. Senyshyn's opposition papers will be due at the same time.

SO ORDERED.