**John J. ECKERT, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Defendant.**

**No. 03 CV 2183(ADS)(ARL).**

United States District Court, E.D. New York.

March 14, 2005.

Milberg Weiss Bershad & Schulman, LLP, by Brian C. Kerr, of Counsel, New York City, Uitz & Associates, by Ronald A. Uitz, of Counsel, Washington, DC, for Plaintiff.

Wilmer Cutler & Pickering, by Charles C. Platt, of Counsel, Leboeuf Lamb Greene & Macrae, by Randall M. Fox, of Counsel, New York City, for Defendant.

**MEMORANDUM OF DECISION AND ORDER**

SPATT, District Judge.

Presently before the Court is a motion pursuant to Rules 21 and 23(d) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") by the plaintiff John Eckert ("Eckert" or the "plaintiff") to withdraw as named plaintiff and proposed class representative in this case. Simultaneously, Melinda Cerra ("Cerra"), an unnamed plaintiff in this proposed class action, is moving pursuant to Fed. R.Civ.P. 21, 23(d)(2), 24(a), and 24(b) to intervene as named plaintiff and proposed class representative.

**I. BACKGROUND**

This case involves an action by Eckert, and all those similarly situated, against The Equitable Life Assurance Society of the United States ("Equitable" or the "defendant") for violation of § 47(b) of the Investment Company Act of 1940 ("ICA"). Specifically, the plaintiff's May 6, 2003 proposed class action asserts that in an independent case, *Malhotra v. The Equitable Life Assurance Soc'y of the U.S.*, No. 01–CV–6970 (ADS)(ARL), consolidated into No. 00–CV–6368 (ADS)(ARL) (E.D.N.Y.) (Order and Decision dated March 12, 2003), this Court held that the variable contracts that Equitable issues are securities under the meaning of the ICA. Therefore, the plaintiff maintains, Equitable issued variable annuity contracts and variable life insurance policies without registering as an investment company, in violation of the ICA. The plaintiff seeks (1) a determination that the defendant issued the variable contracts in violation of federal law; (2) a judgment that those contracts are void and unenforceable; (3) an order enjoining Equitable from continuing to issue these contracts; (4) restitution of contract charges paid; (5) disgorgement of sum obtained by unjust enrichment by the defendant while it operated in violation of the law; and (6) an order enjoining Equitable from paying dividends to securities holders other than members of the proposed class.

On September 8, 2003, Equitable moved to dismiss this action asserting principally that (1) the plaintiff's complaint is time-barred and (2) the claim fails as a matter of law because Equitable was not required to register as an investment company pursuant to the ICA. For administrative and procedural reasons, the Court ordered this motion to be withdrawn without prejudice with leave to re-file. On September 15, 2004, Eckert re-filed its motion to dismiss the complaint.

In February 2004, Eckert, through separate counsel, filed a National Association of Securities Dealers, Inc. ("NASD") arbitration proceeding against the broker/dealer

involved in the sale of his annuity. AXA Advisors, LLC ("AXA"), an affiliate of Equitable, offered an apparently acceptable settlement to Eckert that was conditioned on a release of his individual claims against Equitable. On June 4, 2004, Eckert accepted the settlement offer. The same day, Equitable filed a "Supplemental Memorandum of Law in Support of Defendant's Motion to Dismiss" asserting that the case has become moot because Eckert's individual claim was settled. In particular, the Defendant argued that because the lead plaintiff's claims are moot, the Court is deprived of subject matter jurisdiction and must dismiss the action in its entirety.

On June 10, 2004, Eckert filed a motion to withdraw as the proposed class representative and to allow Cerra to intervene as the proposed named class representative. Cerra is a member of the class defined in the present complaint. In support of her motion to intervene, Cerra argues that (1) Eckert's release did not purport to settle any claims other than his own; (2) the remaining unnamed proposed class members retain a live controversy that this Court can adjudicate; and (3) because a live controversy exists, the Court should allow Cerra to intervene as a proposed class representative.

As of the date of the instant motion, the plaintiff has failed to move for class certification. In defense of its delay, the plaintiff states because the defendant has not answered the complaint and asserted its defenses, a certification motion is premature because a key component of a motion for class certification is an assessment of whether common questions predominate the defenses of the proposed class members.

## II. DISCUSSION

The central question in this motion is whether Eckert's settlement of his individual claims mooted the entire action and requires this Court to dismiss the action; or whether a live controversy still exists between the remaining putative class members and Equitable. At the outset, the Court recognizes the inherent value in resolving securities law claims by class actions: "In light of the importance of the class action device in securi-

ties litigation, courts in this circuit apply Rule 23 according to a liberal standard." *In re Avon Securities Litigation*, 91 Civ. 2287, 1998 WL 834366 at *4, 1998 U.S. Dist. LEXIS 18642 at *13 (S.D.N.Y. Nov. 30, 1998) (citing *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 903 F.2d 176, 179 (2d Cir.1990), *cert. denied*, 498 U.S. 1025, 111 S.Ct. 675, 112 L.Ed.2d 667 (1991)). Furthermore, the Court notes that "[a]llowing defendants to 'pick off' putative lead plaintiffs contravenes one of the primary purposes of class actions-the aggregation of numerous similar (especially small) claims in a single action." *Weiss v. Regal Collections, et al.*, 385 F.3d 337, 345 (3d Cir.2004).

### A. As to Eckert's Motion to Withdraw

■ Initially, Eckert moves to withdraw from this action. However, as Equitable notes, Eckert does not need the Court's approval to withdraw from this class action suit. Rule 23(e) was amended in 2003 and now reads, in pertinent parts, "[t]he court must approve any settlement, voluntary dismissal, or compromise of the claims, issues, or defenses of a *certified class.*" Fed.R.Civ.P. 23(e)(1)(A) (emphasis added). The Advisory Committee Notes to the amendment confirm this change to the Rule:

> Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of "a class action." That language could be—and at times was—read to require court approval of settlements with putative class representatives that resolved only individual claims. The new rule requires approval *only* if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.

Advisory Committee Notes to 2003 Amendment to Rule 23 (emphasis added). Thus, because Eckert's acceptance of the settlement was only on behalf of his claims rather than the certified class, Eckert need not obtain the Court's permission prior to withdrawing from the action. Accordingly, Eckert is deemed withdrawn as a Plaintiff and his claims, as asserted individually, are moot.

## B. As to Mootness

However, simply because Eckert's individual claims have been mooted, it does not necessarily follow, as Equitable argues, that the entire litigation is now moot. Article III of the Constitution bestows judicial power to a court when an actual, live "case" or "controversy" exists between litigants. *See Allen v. Wright*, 468 U.S. 737, 750, 104 S.Ct. 3315, 82 L.Ed.2d 556 (1984). Generally speaking, when a case becomes moot, that is, it no longer satisfies the case or controversy requisite, a federal court loses subject matter jurisdiction over the action and must dismiss the case. *See Russman v. Bd. of Ed. of the Enlarged School Dist. of the City of Watervliet*, 260 F.3d 114, 118 (2d Cir.2001); *Comer v. Cisneros*, 37 F.3d 775, 798 (2d Cir.1994) ("a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.") (internal quotation and citation omitted).

However, as applied to class actions, the mootness doctrine has weathered a complex history. Generally, if the claims of a named plaintiff are resolved before the court certifies a class, the entire action is mooted. *Comer*, 37 F.3d at 798 (citing *Bd. of Sch. Comm'rs of Indianapolis v. Jacobs*, 420 U.S. 128, 129–30, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975) (per curiam)); *Brown v. Philadelphia Hous. Auth.*, 350 F.3d 338, 343 (3d. Cir. 2003) ("[W]hen claims of the named plaintiff's become moot before class certification, dismissal of the action is required." (internal quotations omitted)). *Novella v. Westchester County*, No. 02 Civ. 2192, 2004 WL 3035405, at * 3 (S.D.N.Y. Dec. 29, 2004) ("Generally, a class action cannot be maintained unless there is a named plaintiff with a live controversy both at the time the complaint is filed and at the time the class is certified."). However, class certification acts as a lifeboat for a claim that would otherwise be moot due to the resolution of the named plaintiff's claims. *See Comer*, 37 F.3d at 798; *Weiss*, 385 F.3d at 342 ("[I]t appears to be settled that once a class has been certified, mooting a class representative's claim does not moot the entire action because the class acquire[s] a legal status separate from the interest asserted by the named plaintiff." (internal citations and quotation omitted)).

In that regard, courts have held that the filing a motion for class certification will also preserve the controversy. *See e.g., Swan v. Stoneman*, 635 F.2d 97, 100–02 (2d Cir.1980) (concluding that the district court retains subject matter jurisdiction after a motion for class certification was filed, but prior to the court's ruling on certification despite the plaintiff's death); *Lusardi v. Xerox*, 975 F.2d 964, 975 (3d Cir.1992) (noting an exception to the general mootness rule where a certification motion was filed that the district court did not have a reasonable opportunity to decide.). The rationale behind the preservation of the action when a motion for class certification has been filed is that the class certification "relates back" to the filing of the complaint. *See Comer*, 37 F.3d at 799 (citing *County of Riverside v. McLaughlin*, 500 U.S. 44, 52, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991); *Sosna v. Iowa*, 419 U.S. 393, 402 n. 11, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975)).

Although many of the cases applying the "relation back" doctrine have done so after a motion to certify the class has previously been filed, *See Swan*, 635 F.2d at 102 *n.* 6; *see also Weiss*, 385 F.3d at 348, in situations where a plaintiff has not yet had a reasonable opportunity to file a motion for class certification, namely, where there has been no "undue delay," the court retains subject matter jurisdiction despite the plaintiff's failure to move for class certification. *Weiss*, 385 F.3d at 348; *see Nasca v. GC Services Ltd. P'ship*, 01 Civ. 10127, 2002 WL 31040647, at *2 (S.D.N.Y. Sept. 12, 2002); *Schaake v. Risk Management Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y.2001) (case was not moot because the settlement offer was made 32 days after the complaint was filed before the plaintiff could reasonably move for certification); *but see Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP*, 258 F.Supp.2d 157, 161 (E.D.N.Y.2003) (declining to apply the "relation back" doctrine when, after a 20 month delay, the plaintiff did not indicate that she was prevented from commencing discovery or moving for class certification). Thus, "so long as a justiciable controversy existed some time prior to

class certification," and there is no undue delay, the relation back doctrine serves to preserve the action. *Crisci v. Shalala,* 169 F.R.D. 563, 567 (S.D.N.Y.1996) (internal quotations and citations omitted).

■ Turning to the instant case, in the Court's view, prior to accepting the settlement, Eckert did not have a realistic and reasonable opportunity to move for class certification. First, Eckert was under no obligation to have filed the motion for class certification prior to June 4, 2004, the day he accepted the settlement, because the "federal rules do not require certification motions to be filed with the class complaint, nor do they require or encourage premature certification determinations." *Weiss,* 385 F.3d at 347. In addition, the fact that the Defendant has not yet filed its answer supports the Court's finding that the Plaintiff did not have a reasonable opportunity to file a certification motion because a key ingredient for class certification is an assessment of whether common issues predominate in the adjudication of the defendant's defenses. *See* Fed.R.Civ.P. 23(a)(3). Thus, the Court finds that there was no "undue delay" by the plaintiff.

Therefore, the Court finds that there was no undue delay in the plaintiff's filing of the motion for class certification, and this action was not mooted by Eckert's acceptance of the settlement. Accordingly, the Court will retain jurisdiction of this case.

### C. As to the Intervention of Cerra

■ Cerra moves to intervene in this case pursuant to Fed.R.Civ.P. 23(d)(2), 24(a), and 24(b). Rule 23(d)(2) permits intervention by class members. *See Diduck v. Kaszycki & Sons Contractors, Inc.,* 147 F.R.D. 60, 62 (S.D.N.Y.1993). In addition, Rule 24(a) allows intervention as of right "whenever it appears that the named representative canno[t] adequately represent the interests of the class." *Id.* (internal citations and quotations omitted). Given that Eckert has settled his individual claim, it is apparent that he can no longer adequately represent the interests of the proposed class. Therefore, Cerra is permitted to intervene as of right pursuant to Fed.R.Civ.P. 23(d)(2) and Rule 24(a).

■ In any event, permissive intervention pursuant to Rule 24(b) is also warranted in this case. This rule allows for permissive intervention, "when no additional issues are presented to the case, when the intervenor's claims are 'virtually identical' to class claims, and when intervention would strengthen the adequacy of class representation." Herbert Newberg & Alba Conte, *Newberg on Class Actions* § 16:8 (4th ed.); *see Swan,* 635 F.2d at 99, 102 n. 6 (allowing intervention in a class action pursuant to Rule 24(b) where a live controversy still existed between putative class members and defendant). Cerra's claims are similar to those of Eckert's and will not prejudice the Defendant. In the interest of judicial economy, Cerra's motion to intervene is granted.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Eckert is deemed withdrawn as the representative Plaintiff from this action; and it is further

**ORDERED**, Cerra's motion to intervene as proposed named class representative pursuant to Fed.R.Civ.P. 23(d)(2) and 24(a), is **GRANTED**; and it is further

**ORDERED**, that Cerra is directed to file and serve her Intervenor's Complaint within 20 days of the date of this Order; and it is further

**ORDERED**, that upon the filing of the Intervenor's Complaint, the original complaint shall be deemed moot; and it is further

**ORDERED**, that the Defendant's motion to dismiss dated September 15, 2004 is dismissed without prejudice with leave to refile after the filing of the Intervenor's Complaint; and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption as follows:

MELINDA CERRA, on behalf of herself and all others similarly situated,

Plaintiff,

-against-

THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES,
Defendant.

**SO ORDERED.**