2005 ND 94

**Bruce GLASOW, on behalf of himself and all others similarly situated, Plaintiff and Appellant**

v.

**E.I. DUPONT DE NEMOURS AND COMPANY; Pioneer Hi–Bred International; and Monsanto Company, Defendants and Appellees**

**Robert Finken, Appellant.**

No. 20040321.

Supreme Court of North Dakota.

May 17, 2005.

Sarah M. Vogel (appeared), Sarah Vogel Law Firm, P.C., Bismarck, N.D., for plaintiff and appellants.

Adam J. Levitt (argued), Wolf Haldenstein Adler Freeman & Herz LLC, Chicago, IL, for plaintiff and appellants.

Daniel W. Krasner (on brief) and Scott J. Farrell (on brief), Wolf Haldenstein Adler Freeman & Herz LLP, New York, NY, for plaintiff and appellants.

David A.P. Brower (on brief), Milberg Weiss Bershad & Schulman LLP, New York, NY, for plaintiff and appellants.

Stephen A. Weiss (on brief) and James A. O'Brien III (on brief), Seeger Weiss LLP, New York, NY, for plaintiff and appellants.

Lawrence E. King (appeared) and Patrick J. Ward (on brief), Zuger Kirmis & Smith, Bismarck, N.D., for E.I. DuPont de Nemours and Company and Pioneer Hi-Bred International.

Anthony J. Franze (argued), Robert N. Weiner (on brief), and Judith Bernstein-Gaeta (on brief), Arnold & Porter LLP, Washington, D.C., for Monsanto Company.

Stephen W. Plambeck (appeared) and Joel M. Fremstad (on brief), Nilles, Ilvedson, Stroup, Plambeck & Selbo, Ltd., Fargo, N.D., for Monsanto Company.

Scott E. Gant (argued) and James P. Denvir (on brief), Boies Schiller & Flexner LLP, Washington, DC, for E.I. DuPont de Nemours and Company and Pioneer Hi-Bred International.

VANDE WALLE, Chief Justice.

[¶ 1] Bruce Glasow and Robert Finken appealed from the district court's order denying Glasow's motion to withdraw as party plaintiff, Finken's motion to intervene, and dismissal without prejudice. We reverse and remand for further proceedings consistent with this opinion.

I

[¶ 2] In March 2004, Glasow filed a class action against E.I. DuPont de Nemours, Pioneer Hi-Bred International, and Monsanto Company ("DuPont"), alleging the sale of genetically modified crop seed violated North Dakota antitrust laws. In July 2004, Glasow moved to withdraw as the named party plaintiff and Finken simultaneously moved to intervene within the same motion. The district court denied both motions, finding Glasow's motion to withdraw as party plaintiff constituted a notice of voluntary dismissal and dismissed the action without prejudice.

II

[¶ 3] DuPont argues Glasow lacks standing to appeal because the district court's judgment dismissing his action without prejudice did not affect his interests. An order to dismiss without prejudice is generally not appealable. *E.g.*, *Kouba v. FEBCO, Inc.*, 1998 ND 171, ¶ 4, 583 N.W.2d 810. However, Rule 23, N.D.R.Civ.P., governing class actions, permits appeals from what are otherwise non-appealable orders. Because this is a class action, N.D.R.Civ.P. 23 governs this mat-

ter, and we conclude the appeal to be properly before us under Rule 23.

### III

[¶ 4] Glasow argues the district court erred in denying the motion to withdraw, the motion to intervene, and ultimately, in dismissing the action. Glasow argues the district court ignored the North Dakota rules of civil procedure requiring written notice of voluntary dismissal, a court hearing, and a decision before a class action can be voluntarily dismissed.

[¶ 5] Glasow's motion to withdraw as party plaintiff was filed in tandem with Finken's motion for intervention. The motions were filed within the very same document. The district court treated Glasow's motion to withdraw as a notice of voluntary dismissal and, on its own motion, dismissed the case without prejudice. In non-class action proceedings, a district court may, on its own motion, order dismissal of an action. N.D.R.Civ.P. 41(a)(2); *see also Albrecht v. Metro Area Ambulance*, 1998 ND 132, ¶ 12, 580 N.W.2d 583 (noting the court, on its own motion, ordered dismissal of the action without prejudice). However, a district court may not dismiss a class action without following the procedural requirements of Rule 23(*l*), N.D.R.Civ.P.

[¶ 6] Glasow filed his summons and complaint as a class action. DuPont argues Rule 23 does not apply because Glasow did not file a motion to certify the class. Rule 23(*l*), N.D.R.Civ.P., states:

(1) Unless certification has been refused under subdivision (b), a class action, without the approval of the court after hearing, may not be (A) dismissed voluntarily, (B) dismissed involuntarily without an adjudication on the merits, or (C) compromised.

DuPont argues a strained reading of Rule 23(*l*). Under federal law, it appears a motion to withdraw as named plaintiff prior to a motion for certification moots the plaintiff's claims. *Eckert v. Equitable Life Assurance Soc'y of the U.S.*, 227 F.R.D. 60 (E.D.N.Y.2005). However, the federal rules do not require the court's approval to withdraw, but only require court approval of settlement, voluntary dismissal, or compromise of certified class actions. *Id.* (citing Fed.R.Civ.P. 23(e)(1)(A)). The plain language of Rule 23(*l*), N.D.R.Civ.P., does not require that a motion to certify the class is filed before it becomes applicable. Therefore, Rule 23(*l*), N.D.R.Civ.P., governs the dismissal of all class actions.

[¶ 7] Under Rule 23(*l*), N.D.R.Civ.P., a class action may only be voluntarily dismissed, involuntarily dismissed without adjudication on the merits, or compromised after a hearing and court approval. The district court equated Glasow's motion to withdraw as a notice of voluntary dismissal. Equating the motion to withdraw to a voluntary dismissal, at the very least, compromises the action and requires a hearing. However, the district court did not hold a hearing on the matter and dismissed the case without prejudice. The district court did not comply with the requirements of Rule 23(*l*), N.D.R.Civ.P. Furthermore, it is apparent Glasow's motion to withdraw was to be considered simultaneously with Finken's motion to intervene as a unified motion, rather than to be considered separately. We reverse the dismissal without prejudice and remand for a determination on the merits of Glasow's motion to withdraw.

### IV

[¶ 8] The district court denied Finken's motion to intervene, finding the dismissal without prejudice ended the action thereby making Finken's motion moot. Because we conclude the district court erred in dismissing the action without a motion to

do so, we remand Finken's motion to intervene for a determination on the merits in conjunction with Glasow's motion to withdraw as party plaintiff.

## V

[¶ 9]  We reverse the dismissal without prejudice and remand for further proceedings consistent with this opinion.

[¶ 10]  CAROL RONNING KAPSNER, DALE V. SANDSTROM and MARY MUEHLEN MARING, JJ., concur.