1998 ND 171

**Albert "Rusty" KOUBA, Plaintiff and Appellant,**

v.

**FEBCO, INC., a North Dakota corporation, d/b/a Super Eight Lodge of Williston, North Dakota, and Robert D. Balkowitsch, individual, and Several Unknown Individuals, Defendants and Appellees.**

**Civil No. 980094.**

Supreme Court of North Dakota.

Sept. 15, 1998.

Order Supplementing Opinion
Sept. 28, 1998.

Albert Kouba, pro se.

Tschider & Smith, Bismarck, for defendants and appellees; argued by David A. Tschider.

MESCHKE, Justice.

[¶ 1] Albert "Rusty" Kouba appealed a judgment dismissing his claims against Febco, Inc. and Robert D. Balkowitsch. Because no final judgment has been entered, we remand with instructions for disposition of the pending counterclaim, unless a final judgment is promptly entered to enable this appeal.

[¶ 2] Kouba was employed by the Super 8 Lodge in Williston, North Dakota. The motel was owned and operated by Febco, Inc., and Balkowitsch was an officer and agent of it. On the night of April 1, 1995, while Kouba worked as the front desk clerk, Kouba and several guests had a dispute. Within a week afterwards, Kouba was discharged by the motel.

[¶ 3] Kouba sued Febco, Balkowitsch, and "Several Unknown Individuals" for wrongful discharge. Kouba alleged Febco and Balkowitsch wrongfully discharged him and the "Several Unknown Individuals" interfered with his employment.

[¶ 4] The trial court dismissed Kouba's complaint for failure to state a claim but without prejudice to bringing it again. In *Kouba v. Febco, Inc.,* 543 N.W.2d 245, 248 (N.D.1996) (citations omitted), we suggested that, "[i]nstead of dismissing an action under [Rule] 12(b)(5) when a plaintiff may have a claim, a trial court's more appropriate course of action might be to grant the plaintiff leave to amend the complaint," but we dismissed the appeal because "a dismissal without prejudice is not appealable to this court."

[¶ 5] On remand, Kouba filed an amended complaint, including a claim all defendants conspired to wrongfully interfere with his employment. Kouba never identified or served the complaint on any of the "Several Unknown Individuals." Febco and Balkow-

itsch answered and counterclaimed against Kouba for attempted extortion. Febco and Balkowitsch moved for summary judgment on Kouba's claims, arguing no disputes of material facts existed. The trial court ordered summary judgment "as to all three counts of the Plaintiff's Complaint, with prejudice." The judgment entered made no reference to the counterclaim, and only dismissed "all three counts of the Plaintiff's Complaint, with prejudice."

[¶ 6] During oral arguments, counsel for Febco and Balkowitsch acknowledged the counterclaim had not been dismissed and was still pending, but also said, "[a]s far as I am concerned, I don't want to even pursue it . . . ." Counsel also agreed the trial court had made no Rule 54(b) certification.

[¶ 7] The right to appeal is jurisdictional, and we consider appealability of a judgment on our own initiative even when neither party has questioned appealability. *Matter of Estate of Stensland,* 1998 ND 37, ¶ 10, 574 N.W.2d 203. Under N.D.R.Civ.P. 54(b), to be final, a judgment must dispose of all claims or the trial court must direct entry of a final partial judgment if it properly certifies "there is no just reason for delay."

> In the absence of that determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

*Id.* Because this judgment did not adjudicate the counterclaim, it is neither final nor appealable. *See State Bank of Kenmare v. Lindberg,* 434 N.W.2d 347, 348 (N.D.1989) (an unadjudicated counterclaim without a Rule 54(b) certification precludes appellate review); *Gillmore v. Morelli,* 425 N.W.2d 369, 370 (N.D.1988)(same); *see also Striegel v. Dakota Hills, Inc.,* 343 N.W.2d 785, 787 (N.D.1984) (appeal dismissed because defendants' counterclaims remained unadjudicated

and the partial summary judgment lacked Rule 54(b) certification).

[¶ 8] Without an express Rule 54(b) certification, the judgment in this case leaves a counterclaim undecided, remains subject to revision, and is not final nor yet appealable. *See Striegel* at 787. In *Gillmore* at 370 (citation omitted), we explained the outcome of a counterclaim "may affect the decision on the main action and the trial court may make new or additional findings in the main action in light of its decision on the counterclaim." But *compare Courchene v. Delaney Distrib., Inc.*, 418 N.W.2d 781, 781–82 (N.D.1988) (retaining jurisdiction of the appeal under Rule 35(b) and remanding for the trial court to consider a Rule 54(b) certification).

[¶ 9] In this case, however, we visualize no extraordinary reasons that could justify a Rule 54(b) certification. *See Sickler v. Kirkwood*, 1997 ND 40, ¶ 7, 560 N.W.2d 532 (dismissing appeal because "no compelling circumstances" justified Rule 54(b) certification). Without unusual or compelling circumstances, a remand for entry of a partial final judgment with a Rule 54(b) certification would be futile.

[¶ 10] Still, from the statements of defendants' counsel at oral argument, we understand Febco and Balkowitsch do not plan to pursue their counterclaim against Kouba. If so, they must act promptly by dismissing it, either voluntarily or by stipulation, *see* N.D.R.Civ.P. 41(a) and (c), to cause entry of a final judgment on the entire case for appellate jurisdiction of the present appeal.

[¶ 11] Comparable to our remand in *Courchene*, 418 N.W.2d at 781–82, we remand this record with instructions that the parties promptly dispose of the counterclaim and cause a final judgment to be entered, while we temporarily retain jurisdiction on appeal under N.D.R.App.P. 35(b). If the parties do not cause a final judgment to be entered within 10 days of the date of this opinion, and promptly file it with the Clerk of this Court, we direct this appeal be entirely dismissed and the case remanded for trial of the counterclaim.

[¶ 12] VANDE WALLE, C.J., MARING, NEUMANN and SANDSTROM, JJ., concur.

## ORDER OF DISMISSAL

PER CURIAM.

[¶ 13] On September 15, 1998, this Court filed its Opinion remanding this case to the trial court with instructions for disposition of a pending counterclaim. The parties were allowed 10 days from the date of the Opinion to cause a final judgment to be entered and if a final judgment was not entered, this appeal was to be dismissed in its entirety and the case remanded for trial of the counterclaim. As of the date of this Order, the 10 day deadline has passed and no final judgment has been entered in the trial court to allow this appeal to proceed. Therefore, it is hereby

[¶ 14] **ORDERED,** the appeal is DISMISSED and this case is REMANDED for trial on the pending counterclaim.

[¶ 15] Dated at Bismarck, North Dakota, this 28th day of September, 1998.

VANDE WALLE, C.J., MESCHKE, NEUMANN, SANDSTROM and MARING, JJ., concur.