2002 ND 60

**Rosalia ANDERSON, Plaintiff and Appellee,**

**and**

**Gary Jorisson, Plaintiff,**

v.

**Kenneth C. HEINZE, Defendant and Appellant.**

No. 20010127.

Supreme Court of North Dakota.

April 16, 2002.

Rehearing Denied June 5, 2002.

Brenda L. Selinger, Greenwood & Ramsey, PLLP, Dickinson, for plaintiff and appellee.

Kenneth C. Heinze, Dazey, pro se.

KAPSNER, Justice.

[¶1] Kenneth C. Heinze has appealed a judgment entered in an eviction action brought by Rosalia Anderson and Gary Jorisson. We conclude Heinze had no right of possession after expiration of his lease and the trial court properly ordered him to vacate the leased premises or be evicted. We affirm.

I

[¶2] On February 1, 2000, Donald Anderson and Heinze executed an agreement by which Anderson leased farmland to Heinze "for and during the full term of *one year* from and after *1 February, 2000,*

and terminating *1 February*." The lease provided, in part:

This lease is subject to expire in the event of the sale of the land by the party of the first part. [Heinze] shall have the first option and right of first refusal on the purchase of this land.[1]

The lease further provided that Heinze "will, at the expiration of the time herein recited, quietly yield and surrender the aforesaid rented premises."

[¶ 3] Donald Anderson died in June 2000, and his surviving spouse, Rosalia Anderson (hereinafter "Anderson"), acquired the property. By letter of November 22, 2000, Anderson's attorney advised Heinze that she intended to sell the land, for which she was asking $275,000; directed Heinze to advise in writing by December 15, 2000, if he wished to exercise his first option and right of first refusal; and advised that the land would be sold in January 2001 if he did not exercise his first option and right of first refusal.

[¶ 4] By letter of December 28, 2000, Anderson's attorney provided Heinze with a copy of an advertisement soliciting written bids for the land, which could be orally raised on January 29, 2001, and advising Heinze "if you are not the successful bidder, you will be expected to have your personal property and equipment moved off of the premises on or before the 15th day of March, 2001, unless you have made other arrangements with the new owner."

By letter of January 10, 2001, Anderson's attorney advised Heinze, in part:

As you know, you have the right to submit a bid on the land ... and attend the bid auction on January 29, 2001.... You will then be allowed to match any offer on the land presented at the bid auction on January 29, 2001. This will be your final chance to exercise your right of first refusal....

In the event you are not the successful bidder and new owner, you will be expected to vacate the premises on or before the 15th day of March, 2001, as previously indicated in my letter dated December 28, 2000, to you, unless, of course you have made different arrangements with the new owner.

Heinze submitted the high written bid of $240,000. Gary Jorisson orally bid $241,000, which Heinze matched in exercising his right of first refusal. Heinze matched Jorisson's subsequent bids until Jorisson bid $255,000, which Heinze chose not to match.

[¶ 5] Heinze did not vacate the land by March 15, 2001, or make other arrangements with the buyer of the land. On March 28, 2001, a deputy sheriff served Heinze with a notice of intention to evict and notice to quit, notifying Heinze an eviction action would be commenced if he did not vacate the land within three days. On April 9, 2001, a deputy sheriff served Heinze with a summons and complaint in

---

1.  "A right of first refusal is often referred to as a 'preemptive right' because of its preemptive nature in the event of the advent of an interested third party." 1 E. Allen Farnsworth, *Farnsworth on Contracts* § 3.23a, at 329 (2d ed.1998). In *Weintz v. Bumgarner,* 150 Mont. 306, 434 P.2d 712 (1967), the Montana Supreme Court stated its view of the effect of a right of first refusal:

    "A pre-emption does not give to the pre-emptioner the power to compel an unwilling owner to sell; it merely requires the owner, when and if he decides to sell, to offer the property first to the person entitled to the pre-emption, at the stipulated price. Upon receiving such an offer, the pre-emptioner may elect whether he will buy. If he elects not to buy, then the owner of the property may sell to anyone."

    *Id.* at 716 (quoting VI *American Law of Property* § 26.64, p. 507) (A. James Casner ed., 1952). This Court agreed with that view in *Berry–Iverson Co. v. Johnson,* 242 N.W.2d 126, 131 (N.D.1976).

an eviction action brought by Anderson and Jorisson seeking Heinze's eviction and "an award of damages equal to double the rental value of the premises for the time of the Defendant's non-consensual possession thereof." The summons directed Heinze to appear and defend in district court on April 17, 2001.

[¶ 6] Heinze responded with an affidavit denying the allegations of the complaint, and a counterclaim for constructive conversion and "for specific performance of contract to convey land," alleging Anderson "violated the specific performance of contract to convey land" and denied him "the enjoyment of my contract right of first option," and seeking damages of $35,000 and "an order of assistance to sheriff."

[¶ 7] A hearing was held on April 17, 2001. Another hearing was held on April 30, 2001, for oral argument on a number of motions filed by Heinze. On April 30, 2001, the court issued a memorandum opinion stating, in part:

The Defendant has filed many motions and claims in this eviction action. These motions and claims are not relevant to the eviction action. They certainly may be proper as separate independent law suits for breach of contract or some other type of cause of action. They are not legal defenses to the eviction.

The Court concludes that all of the Defendant's motions and claims, as they apply to this eviction action, are denied. If he wishes to bring those claims as separate suits he may do so. The Court is satisfied that the Plaintiffs have met their burden of proof and they are entitled to the eviction of the Defendant which they have sought. The Defendant shall remove himself and all of his personal property from the premises by Noon on May 15, 2001.

The trial court issued findings of fact, conclusions of law, and order for judgment on May 9, 2001. Judgment was entered on May 9, 2001, declaring the lease "terminated and forfeited" and ordering Heinze's eviction:

That the Defendant, Kenneth C. Heinze, shall vacate the premises by Noon on May 15, 2001; and further, it is ordered that the Barnes County Sheriff's Department shall evict the Defendant from the premises should the Defendant fail and refuse to peacefully remove himself and all of his personal property from the premises by Noon on May 15, 2001.

Heinze appealed.

## II

[¶ 8] Heinze contends the trial court abused its discretion by not allowing all parties to cross-examine the witnesses who testified at the hearing on April 17, 2001. We have examined the transcript of the testimony adduced at the hearing. Heinze did not attempt to cross-examine or request to cross-examine the witnesses at the hearing. The argument is without merit.

[¶ 9] Heinze contends the trial court abused its discretion by recommending a multiplicity of actions and not recognizing resolution in a single lawsuit.

[¶ 10] Section 33–06–01, N.D.C.C., provides an eviction action to recover possession of real estate may be brought if a lessee "holds over after the termination of the lease or expiration of the lessee's term." Section 32–03–28, N.D.C.C., provides the measure of damages for willfully holding over "is double the yearly value of the property for the time of withholding, in addition to compensation for the detriment occasioned thereby."

[¶ 11] An eviction action under N.D.C.C. ch. 33–06, is a summary proceeding to recover possession of real estate. *Stonewood Hotel Corp., Inc. v. Davis Dev., Inc.*, 447 N.W.2d 286, 289 (N.D.1989). "Section 33–06–02, N.D.C.C., provides an 'expedited time period [of 3 to 15 days] ... within which a defendant must appear and defend in an eviction action.'" *Id.* (quoting *Flex Credit, Inc. v. Winkowitsch*, 428 N.W.2d 236, 240 (N.D.1988)). In keeping with the summary nature of an eviction action, N.D.C.C. § 33–06–04, provides, in part: "No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits." The purpose of the no-counterclaim provision in the eviction statutes "was to get a speedy determination of possession without bringing in any extraneous matters." *Nomland Motor Co. v. Alger*, 77 N.D. 29, 31, 39 N.W.2d 899, 900 (1949). In an eviction action, the defendant may show the character of the possessory rights claimed by the parties. *Murry v. Burris*, 6 Dakota 170, 186, 42 N.W. 25, 31 (1889). However, "the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Vidger v. Nolin*, 10 N.D. 353, 354, 87 N.W. 593, 593 Syllabus ¶ 3 (1901).

[¶ 12] Anderson sought $3,818.92 ($41.51 × 2 for 46 days) in damages under N.D.C.C. § 32–03–28 for Heinze's holding over, plus reasonable attorney fees and costs. In the April 30, 2001, motions hearing, Heinze claimed he was entitled to damages of $35,000, including a $5,000 claim for tillage:

> I have not been paid for the fall tillage and—for there was no tillage when the Heinze's received the contract for 500 acres, at two times covered at $5.00 a acre would come to $5000. And no one told me last fall not to do any fall's work.

"Issues not briefed by an appellant are deemed abandoned." *Murchison v. State*, 1998 ND 96, ¶ 13, 578 N.W.2d 514. Perhaps Heinze's claim for tillage for which he was not paid might have been deemed a counterclaim for a setoff to Anderson's claim for damages for holding over. However, Heinze did not brief that issue to this Court and it is, therefore, waived on appeal.

[¶ 13] Heinze's claim for constructive conversion and his contractual claims for denial of his right of first refusal and for specific performance are not counterclaims pled as setoffs to Anderson's claim for statutory damages of $3,818.92 under N.D.C.C. § 32–03–28, and were, therefore, impermissible under N.D.C.C. § 33–06–04. In such circumstances, the only questions that could properly have been litigated were the right to possession of the land and Anderson's claimed statutory damages for holding over, together with a possible offset, an issue which we have already determined was abandoned. We conclude the trial court correctly ruled those other matters were not legal defenses to Anderson's eviction claim. While Heinze may pursue those other matters in another proceeding, they were not properly asserted in this eviction action.

[¶ 14] The lease expired February 1, 2001, when Heinze was required by the lease to "quietly yield and surrender the ... premises." We conclude Heinze had no right of possession after February 1, 2001, and the trial court properly ordered him to vacate or be evicted.

III

[¶ 15] Affirmed.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, WILLIAM A. NEUMANN, and DALE V. SANDSTROM, JJ., concur.