2014 ND 85

**Vlad GASIC, Plaintiff**

v.

**Mark BOSWORTH, Blake Bosworth, Catherine Fletcher, Matthew Fletcher, and James Legg, Defendants**

**Mark Bosworth, Appellant.**

No. 20130281.

Supreme Court of North Dakota.

April 29, 2014.

Vlad Gasic, plaintiff; no appearance.

Mark Bosworth, Williston, N.D., defendant and appellant; self-represented; submitted on brief.

KAPSNER, Justice.

[¶ 1] Mark Bosworth appeals from an order evicting him from land. Because Bosworth has not appealed from a final order or judgment, we dismiss the appeal.

I

[¶ 2] In August 2013, Vlad Gasic commenced this action against several defendants, including Bosworth, seeking an order requiring the defendants to vacate land in Epping, North Dakota, or requiring the sheriff to evict the defendants from the premises. Gasic's complaint asserts that he is the record title owner of the land, that defendants are currently unauthorized tenants, that defendants are using the premises in an unauthorized manner and not paying their fair share of utilities and garbage removal, and that Gasic had demanded the defendants vacate the premises immediately, but they refused to do so. Gasic also alleged he had served a notice of intent to evict under N.D.C.C. § 47–32–02. The defendants answered the complaint and counterclaimed.

[¶ 3] On September 11, 2013, after a hearing, the district court entered an "order for eviction" requiring the defendants and all occupants to vacate the premises on or before September 16, 2013. On September 16, 2013, the defendants moved to stay the eviction and requested a hearing, in addition to filing a notice of appeal. The district court entered a "stay of eviction" on September 16, 2013. Only Mark Bosworth has filed a brief in this appeal.

II

[¶ 4] Generally, "[t]he right to appeal is jurisdictional, and we consider appealability of a judgment on our own initiative even when neither party has questioned appealability." *Kouba v. Febco, Inc.*, 1998 ND 171, ¶ 7, 583 N.W.2d 810. When an order or judgment is not appealable, this Court will dismiss the appeal sua sponte. *See Meyer v. City of Dickinson*, 397 N.W.2d 460, 461 (N.D.1986). "Only judgments and decrees which constitute a final judgment of the rights of the parties and certain orders enumerated by statute are appealable." *State v. North Dakota Ins. Reserve Fund*, 2012 ND 216, ¶ 4, 822 N.W.2d 38; *see also* N.D.R.Civ.P. 54(b).

[¶ 5] Under N.D.R.Civ.P. 54(b), a judgment, to be final, must dispose of all claims or the district court must direct entry of a final partial judgment if the court properly expressly determines "there is no just reason for delay." "Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

A

[¶ 6] Chapter 33–06, N.D.C.C., had governed evictions before 2009; however, the chapter containing the procedure for evictions was re-codified at N.D.C.C. ch. 47–32 in 2009. *See Working Capital # 1, LLC v. Quality Auto Body, Inc.*, 2012 ND 115, ¶ 6, 817 N.W.2d 346; *Nelson v. Johnson*, 2010 ND 23, ¶ 11, 778 N.W.2d 773; *see also* 2009 N.D. Sess. Laws ch. 65, §§ 4, 8. This Court has said the 2009 amend-

ments provided no substantial change to the eviction provisions and, as such, cases dealing with eviction in the context of N.D.C.C. ch. 33–06 remain relevant. *See Working Capital,* at ¶ 6.

[¶ 7] Evictions are designed as summary proceedings. *Working Capital,* 2012 ND 115, ¶ 7, 817 N.W.2d 346; *see also Riverwood Commercial Park, LLC v. Standard Oil Co.,* 2005 ND 118, ¶ 6, 698 N.W.2d 478. An eviction to recover possession of land may be maintained when a lessee holds over after a lease termination or expiration of the lessee's term or fails to pay rent for three days after the rent is due. N.D.C.C. § 47–32–01(4). This Court has explained:

> Section [47–32–02], N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, *the court must enter judgment granting immediate restitution of the premises to the plaintiff,* but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § [47–32–04]. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § [47–32–04]. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession.

*Aurora Med. Park, LLC v. Kidney & Hypertension Ctr., PLC,* 2010 ND 122, ¶ 7, 784 N.W.2d 151 (citations and quotation marks omitted) (emphasis added). "An action for eviction invokes a court's equita-

ble jurisdiction." *Id.* "The purpose of the no-counterclaim provision in N.D.C.C. § [47–32–04] is to get a speedy determination of possession." *H–T Enter. v. Antelope Creek Bison Ranch,* 2005 ND 71, ¶ 6, 694 N.W.2d 691. The defendant, however, may show the character of the parties' possessory rights, evidence of a strained relationship having a bearing on whether there has been a material breach, and affirmative defenses. *Id.*

[¶ 8] "In an eviction action, the defendant may show the character of the possessory rights claimed by the parties;" however, "the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Anderson v. Heinze,* 2002 ND 60, ¶ 11, 643 N.W.2d 24 (quotation marks and citations omitted). "Payment or nonpayment of a sum of money is a question of fact." *H–T Enter.,* 2005 ND 71, ¶ 6, 694 N.W.2d 691. Whether a certain state of facts is contrary to equity presents a conclusion of law. *Id.* Further, "[i]t is generally recognized that an eviction action frequently requires resolution of questions of title." *United Bank of Bismarck v. Trout,* 480 N.W.2d 742, 745 (N.D.1992) (citing 25 Am.Jur.2d *Ejectment* § 1 (1966)).

[¶ 9] In this appeal, all parties are self-represented, and Gasic, the plaintiff and appellee, has not filed a brief responding to Bosworth's arguments. Further, Bosworth has not filed a transcript of the September 11, 2013 hearing. The "order of eviction" entered September 11, 2013, from which Bosworth has appealed, was not followed by the entry of a final judgment. We note that N.D.C.C. § 47–32–04 states:

> An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's posses-

sion. *No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits. If the court finds for the plaintiff in the action, the court shall enter judgment that the plaintiff have immediate restitution of the premises.* Upon a showing by the defendant that immediate restitution of the premises would work a substantial hardship on the defendant or the defendant's family, except in cases in which the eviction judgment is based in whole or in part on a disturbance of the peace, *the court may stay the special execution for a reasonable period, not to exceed five days.*

(Emphasis added).

### B

[¶ 10] Bosworth raises multiple issues on appeal, including that Gasic does not own the land and has no legal authority to file this case, that the three-day notice required under N.D.C.C. § 47–32–02 is deficient, that Gasic never posted nor served by legal process the three-day notice required under N.D.C.C. § 47–32–02, and that the defendants have not been afforded due process required under N.D.C.C. ch. 47–32.

[¶ 11] Here, neither the district court's order of eviction, nor the court's stay of eviction, provides any specific findings regarding these issues. *Cf. Hansen v. Winkowitsch*, 463 N.W.2d 645, 647–48 (N.D. 1990) (affirming judgment of eviction where defendants did not challenge trial court's findings of fact, but instead the court's conclusion of law that plaintiff had title and was entitled to possession, since none of the documents present by defendants affected the plaintiff's title to the land). The defendants have also interposed an answer and counterclaim, but the order for eviction does not address the counterclaim, even to dismiss it as improper under N.D.C.C. § 47–32–04. Thus, the order of eviction is neither final nor appealable. *See Kouba*, 1998 ND 171, ¶ 7, 583 N.W.2d 810; *State Bank of Kenmare v. Lindberg*, 434 N.W.2d 347, 348 (N.D. 1989); *Gillmore v. Morelli*, 425 N.W.2d 369, 370 (N.D.1988).

[¶ 12] Additionally, the district court entered the "stay of eviction" on September 16, 2013, stating the court "[d]oes hereby find sufficient grounds to stay Eviction of Defendants, ... until a hearing on such motion can be scheduled." It is clear from the court's stay that further hearing of this case was contemplated in the district court before entry of a final judgment. Therefore, based on the district court's failure to address the counterclaim in its order of eviction and reference to a future hearing in its stay of eviction, we conclude the court did not intend the order of eviction to be a final order or judgment. *Cf. Kaiser v. State*, 417 N.W.2d 175, 177 (N.D.1987) (considering merits of appeal where district court intended order to have effect of final judgment).

[¶ 13] We conclude that defendants' appeal from the order for eviction is not an appeal from a final order or judgment, and we dismiss the appeal.

### III

[¶ 14] The appeal is dismissed.

[¶ 15] GERALD W. VANDE WALLE, C.J., LISA FAIR McEVERS, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.