2016 ND 102

**CHEETAH PROPERTIES 1, LLC, Plaintiff and Appellant**

**v.**

**PANTHER PRESSURE TESTERS, INC., Defendant and Appellee.**

**No. 20150198.**

Supreme Court of North Dakota.

May 26, 2016.

Lisa M. Dynneson (argued), Williston, ND, for plaintiff and appellant.

Matthew J. Kelly, Bozeman, MT, for defendant and appellee; submitted on brief.

McEVERS, Justice.

[¶ 1] Cheetah Properties 1, LLC appeals from a district court judgment finding Panther Pressure Testers, Inc. did not willfully hold over on a commercial lease agreement for the purpose of awarding double damages, and from a district court order denying it an award of reasonable attorneys' fees. We affirm the district court's judgment concluding Cheetah was not entitled to an award of double damages under N.D.C.C. § 32–03–28. We reverse the district court's order denying attorneys' fees and remand for proceedings consistent with this opinion.

I

[¶ 2] Cheetah Properties 1, LLC and Panther Pressure Testers, Inc. entered into a commercial lease agreement with an initial term that commenced on April 15, 2014, and ended on December 31, 2014. The parties negotiated monthly rent was due on the first of each month. The lease provided for late fees of $100 per day, starting on the fifth day of the month, if Panther did not timely pay rent. The lease contained a renewal provision that provided the lease shall automatically renew for successive one-year terms, until either party provided the other with written notice that the lease shall terminate. The lease provided that the written notice "must be received no later than the first day of the month sixty (60) days in advance of the month in which the Lease shall be terminated by either party." Among Cheetah's remedies in the event of a default, the lease agreement provided the tenant agree to pay the cost of reasonable attorneys' fees in connection with recovering possession of the property.

[¶ 3] On January 19, 2015, Cheetah brought an eviction action to recover possession of the property under N.D.C.C.

§ 47–32–01(4). In the complaint, Cheetah sought damages for: (1) delinquent charges for late payment of rent owed up to December 31, 2014; (2) for Panther's willful holdover "in an amount double the yearly value of the Premises for the time of Defendant[']s withholding" under N.D.C.C. § 32–03–28; and (3) for any physical damage to the property caused by Panther vacating the premises. Cheetah also sought an award of reasonable attorneys' fees under the lease. Panther vacated the property by January 31, 2015.

[¶ 4] According to testimony, on October 17, 2014, Cheetah provided Panther the required sixty-day notice under the lease not to extend the lease beyond the initial term, which ended December 31, 2014. On November 18, 2014, Panther requested to extend its tenancy four months beyond the end of the initial term. On December 10, 2014, Cheetah rejected Panther's request for a four-month extension. However, Cheetah offered to extend the tenancy for an additional month to January 31, 2015, on conditions that (1) Panther bring its delinquent rent current; and (2) Panther timely make the January 2015 rent payment. Cheetah requested Panther confirm in writing its agreement to the conditions. As to the first condition, the letter specifically stated: "Panther is presently delinquent with the rent payment for the month of December." The letter did not reference any delinquency regarding the November rent payment. Testimony revealed that, as of December 10, 2014, Panther had not paid rent and late fees for November or December. On December 31, 2014, Panther delivered two $22,000 checks to Cheetah. Cheetah applied the payment to delinquent rents for November and December.

[¶ 5] According to testimony, Cheetah did not receive January rent from Panther when it became due. On January 6, 2015,

Cheetah served Panther with notice of intent to evict. In the notice, Cheetah alleged Panther defaulted under the terms of the lease by holding over after the expiration of the lease on December 31, 2014, and demanded that Panther return possession of the property to Cheetah. Panther delivered an additional $22,000 check to Cheetah for January rent. Cheetah held the check, but did not deposit it.

[¶ 6] At the eviction hearing, Panther argued it mistakenly held over. According to Panther, it held over under the belief that making a January rent payment allowed occupancy until January 31, 2015. The district court returned lawful possession of the property to Cheetah and awarded it $22,000 for January 2015 rent and $8,200 for delinquent rent and fees under the lease. The district court declined to impose double damages under N.D.C.C. § 32–03–28 based on its finding that Panther's holding over was not willful. After the district court entered its order for judgment, Cheetah moved for an award of reasonable attorneys' fees under the lease and under N.D.C.C. § 28–26–01(1), N.D.C.C. § 47–16–13.6, N.D.R.Civ.P. 54(e), and N.D.R.Ct. 3.2. The district court denied Cheetah's request for an award of reasonable attorneys' fees. Cheetah appeals from the district court's judgment and the order denying an award of reasonable attorneys' fees.

## II

[¶ 7] Cheetah argues the district court's finding that Panther's holding over was not willful for the purposes of awarding double damages under N.D.C.C. § 32–03–28 is clearly erroneous. The parties do not dispute that Cheetah was entitled to possession under N.D.C.C. § 47–32–01(4).

[¶ 8] "An eviction to recover possession of land may be maintained when a lessee holds over after a lease termination or

expiration of the lessee's term or fails to pay rent for three days after the rent is due." *Gasic v. Bosworth,* 2014 ND 85, ¶ 7, 845 N.W.2d 306; *see* N.D.C.C. § 47–32–01(4). Section 32–03–28, N.D.C.C., provides:

> *Damages for Tenant's willful holding over.*
>
> For willfully holding over real property by a tenant, after the end of the term and after notice of intention to evict has been duly given and demand of possession made, the measure of damages is double the yearly value of the property for the time of withholding, in addition to compensation for the detriment occasioned thereby.

[¶ 9] A determination of whether conduct is "willful" is "generally considered a fact question to be determined by the trier of fact." *Smith v. Kulig,* 2005 ND 93, ¶ 12, 696 N.W.2d 521. "In an action tried without a jury, a district court's findings of fact are governed by the clearly erroneous standard of review under N.D.R.Civ.P. 52(a)." *Nelson v. Johnson,* 2010 ND 23, ¶ 31, 778 N.W.2d 773. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if no evidence exists to support the finding, or if, on the entire record, we are left with a definite and firm conviction the district court made a mistake." *Id.* "A district court's choice between two permissible views of the weight of the evidence is not clearly erroneous." *Id.* "On appeal, we do not reweigh conflicts in the evidence, and we give due regard to the district court's opportunity to judge the credibility of the witnesses." *Id.*

[¶ 10] The district court concluded Panther held over, but found the hold over was not willful for purposes of awarding Cheetah double damages under N.D.C.C. § 32–03–28. The district court reasoned:

I'm not going to find that there was a wrongful withholding. I think that at some point we all have to maintain some common sense about what's going on here. There's communications going back, and forth between the lawyers. I'm not going to punish Panther by reading an overly persnickety view of those letters . . . . But they paid the rent, they've paid the January rent. I'm not going to award double the damages.

We must affirm the district court's finding that Panther's holding over was not willful for the purpose of awarding Cheetah statutory damages under N.D.C.C. § 32–03–28 unless that finding is clearly erroneous. *See* N.D.R.Civ.P. 52(a)(6).

[¶ 11] Section 32–03–28, N.D.C.C., does not define a "willful" holding over, and we have not had an opportunity to interpret what constitutes a "willful" holding over under N.D.C.C. § 32–03–28. "Statutory interpretation is a question of law, which is fully reviewable on appeal." *Nelson,* 2010 ND 23, ¶ 12, 778 N.W.2d 773. Words used in a statute are given their plain, ordinary, and commonly understood meaning unless defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1–02–02. "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs in the same or subsequent statutes, except when a contrary intention plainly appears." N.D.C.C. § 1–01–09. "In construing statutes, we consider the context of the statutes and the purposes for which they were enacted." *Nelson,* 2010 ND 23, ¶ 12, 778 N.W.2d 773; *see also Van Klootwyk v. Arman,* 477 N.W.2d 590, 591–92 (N.D. 1991) (holding "our primary objective is to ascertain the intent of the legislature by looking at the language of the statute itself

and giving it its plain, ordinary and commonly understood meaning").

[¶ 12] While this Court has not interpreted "willful" conduct in the context of holding over under N.D.C.C. § 32–03–28, it has in other various civil contexts. *See, e.g., Muldoon v. Workforce Safety and Ins. Fund,* 2012 ND 244, ¶ 13, 823 N.W.2d 761 (defining willful conduct as " 'conduct engaged in intentionally and not inadvertently' ") (quoting *Forbes v. Workforce Safety and Ins. Fund,* 2006 ND 208, ¶ 13, 722 N.W.2d 536); *Fettig v. Workforce Safety and Ins.,* 2007 ND 23, ¶ 13, 728 N.W.2d 301 (stating that "[f]or purposes of this statute's civil penalties, we have 'defined "willfully" as conduct engaged in intentionally and not inadvertently' ").

[¶ 13] "Willful" conduct is defined in the North Dakota Century Code in various civil contexts. *See* N.D.C.C. §§ 13–04.1–08.1(6), 13–05–06.1(6); 13–08–14.1(6) (providing "a person engages in conduct 'willfully' if the person acted intentionally in the sense that the person was aware of what the person was doing") (money brokers, collection agencies, payday loans); 13–11–01(15) (providing " '[w]illfully' means the person acted intentionally in the sense that the person was aware of what the person was doing") (debt settlement).

[¶ 14] Further, other jurisdictions applying statutes requiring willfulness on the tenant's wrongfully retaining possession to determine statutory damages have generally recognized that "a tenant's conduct in holding over must be deliberate and intentional in order to satisfy the requirement of willfulness ... and the cases demonstrate that a finding of willfulness ... depends very much on the factual context of the holding over." 7 A.L.R.4th 589, § 2[a] (1981); *see Moore v. Kuljis,* 207 So.2d 604, 613 (Miss.1967) (refusing to impose statutory double damages when tenant had "some apparently tenable basis" for remaining in possession and therefore had a "bona fide claim of right, based on apparently reasonable grounds"); *Pleasure Driveway & Park Dist. v. Jones,* 51 Ill.App.3d 182, 9 Ill.Dec. 677, 367 N.E.2d 111, 117–18 (1977) (refusing to impose statutory double damages when a bona fide dispute over who had the right to possession existed); *Johnson v. Taylor,* 220 Ark. 46, 246 S.W.2d 121, 123 (1952) (holding treble damages for holding over not warranted when tenant held over under the bona fide belief that he had a right to do so).

[¶ 15] We construe the meaning of a "willful" holding over in a similar manner as we construe the term in other civil contexts. A tenant willfully holds over if the holding over is done so intentionally and not inadvertently.

[¶ 16] Here, the district court's finding that Panther's holding over was not willful is supported by the record. After Cheetah provided Panther with sixty days notice, Panther requested to extend the lease by four months. Cheetah rejected Panther's request, but offered to extend the lease by one month, through the end of January 2015, on two conditions: (1) bringing the rent current; and (2) making the January rent payment in a timely manner. Although Panther's rent was delinquent for November and December, Cheetah's letter only referenced December rent as delinquent. According to testimony, Panther tendered two $22,000 checks on December 31, 2014, believing it paid December and January rent. Cheetah applied the checks to November and December rent. After Cheetah notified Panther that it had not received January rent, Panther tendered an additional $22,000 check. Evidence in the record supports the district court's finding Panther's holding over was not willful. The correspondence exchanged between the parties created confusion as

to what conditions Panther was required to fulfill in exchange for the one-month extension.

[¶ 17] We conclude the district court's finding that Panther did not willfully hold over under N.D.C.C. § 32–03–28 is not clearly erroneous because evidence exists to support the finding.

### III

[¶ 18] Cheetah argues the district court abused its discretion in failing to award reasonable attorneys' fees under the lease and under N.D.C.C. § 28–26–01(1), N.D.C.C. § 47–16–13.6, N.D.R.Civ.P. 54(e), and N.D.R.Ct. 3.2. Panther argues the district court did not abuse its discretion in denying Cheetah's motion for attorneys' fees given the summary nature of the eviction proceeding and Cheetah's failure to prove a default of the lease.

[¶ 19] "Absent statutory or contractual authority, the American Rule assumes parties to a lawsuit bear their own attorney fees." *H–T Enterprises v. Antelope Creek Bison Ranch*, 2005 ND 71, ¶ 15, 694 N.W.2d 691; *see also Olson v. Fraase*, 421 N.W.2d 820, 828–29 (N.D. 1988) (reversing award of attorney fees not expressly authorized by statute or based on an agreement between the parties). "An award of attorney fees ... is within the sound discretion of the trial court, and its decision will not be reversed on appeal absent an abuse of discretion." *Bertsch v. Duemeland*, 2002 ND 32, ¶ 35, 639 N.W.2d 455. "A district court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner, or when it misinterprets or misapplies the law." *T.F. James Co. v. Vakoch*, 2001 ND 112, ¶ 5, 628 N.W.2d 298 (internal quotation marks omitted).

[¶ 20] Section 47–32–04, N.D.C.C., provides, in part:

*Eviction actions not joinable with other actions . . .*

An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for damages arising by reason of the defendant's possession. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits. If the court finds for the plaintiff in the action, the court shall enter judgment that the plaintiff have immediate restitution of the premises.

"Evictions are designed as summary proceedings." *Gasic*, 2014 ND 85, ¶ 7, 845 N.W.2d 306. In *Gasic*, this Court explained:

"Section 47–32–02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47–32–04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47–32–04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession."

*Id.* (quoting *Aurora Med. Park, LLC v. Kidney & Hypertension Ctr., PLC*, 2010 ND 122, ¶ 7, 784 N.W.2d 151) (emphasis omitted). Additionally, " 'the defendant

may show the character of the possessory rights claimed by the parties;' however, 'the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed.'" *Gasic*, 2014 ND 85, ¶ 8, 845 N.W.2d 306 (quoting *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24). Therefore, a party seeking damages in a summary eviction proceeding under N.D.C.C. § 47–32–01(4) is limited to those specified under N.D.C.C. § 47–32–04. Specifically, a party may seek damages resulting from "rents and profits accrued or for *damages arising by reason of the defendant's possession.*" N.D.C.C. § 47–32–04 (emphasis added).

[¶ 21] The lease here had a specific provision under a section designated as "Landlord's Remedies" that defined damages as follows, in pertinent part:

The Landlord shall be entitled to recover from the Tenant forthwith as its damages, the sum of money equal to the total of (i) all reasonable costs of recovering the Property, (ii) the unpaid rent owed at the time of termination, plus interest thereon at the highest legal rate, ... (iv) any other sum of money and damages owed by Tenant to Landlord pursuant to this Lease....

. . .

In the event that Tenant defaults in the performance of any of the terms ... and Landlord successfully enforces ... any part of this Lease or *recovers possession of the Property*, Tenant agrees to pay ... all costs and expenses incurred in connection therewith, including reasonable attorneys' fees.... (Emphasis added.)

[¶ 22] After the order for judgment was entered, Cheetah moved for reasonable attorneys' fees as the prevailing party under N.D.C.C. § 47–16–13.6 and N.D.C.C. § 28–26–01(1), based on the terms of the lease. Attached to its motion was an affidavit outlining the attorneys' fees alleged incurred, along with other costs and fees. Cheetah responded to the motion. In its responsive brief, Panther conceded that Cheetah had correctly stated the standard for a prevailing party, but argued that based on the issues actually contested at the hearing, Cheetah was not the prevailing party. Panther did not address any other legal arguments raised in Cheetah's motion.

[¶ 23] In its order denying Cheetah's motion for an award of reasonable attorneys' fees, the district court stated:

The court has reviewed and considered all pleadings and argument of counsel. This court does not find it appropriate to award attorney fees under these circumstances when two businesses, represented by counsel, are involved in a dispute of this nature. Evictions are a summary proceeding. For this court to order over $10,000 in attorney fees is not reasonable. The award of attorney fees is discretionary with the court. Based on the entire record:

The Plaintiff's motion is *DENIED*.

[¶ 24] While the district court relied, at least in part, on the nature of an eviction being a summary proceeding, the record reflects Cheetah indicated it intended to bring a subsequent motion for attorneys' fees, to which Panther did not object and the district court did not preclude. In fact, the district court invited supplemental briefing on another issue not raised on appeal. We agree with the district court that eviction proceedings are intended to be summary proceedings. However, the district court did not treat the eviction as a summary proceeding. Had the district court denied the relief requested based on the summary nature of the proceeding when the issue of attorneys' fees was first raised, it would have been within its authority to do so, because Cheetah offered

no proof of attorneys' fees as damages at the eviction hearing. However, by extending the proceedings to allow for supplemental briefing and further motion, the district court should have addressed the legal issues raised in the post-hearing motion.

[¶ 25] Another rationale offered by the district court for denying attorneys' fees was that both parties were represented by counsel. The fact that both parties are represented by counsel is not an appropriate reason to deny attorneys' fees. We are unable to determine any other legal basis on which the district court denied Cheetah's motion. When we are unable to determine the legal basis for the district court's conclusions, our review function cannot be properly performed. *Radspinner v. Charlesworth*, 346 N.W.2d 727, 730 (N.D.1984).

[¶ 26] On remand, the district court shall address the legal arguments made by the parties and determine whether attorneys' fees should be awarded to Cheetah as the prevailing party or under the provisions of the commercial lease agreement. The district court shall provide analysis to support any legal conclusions.

### IV

[¶ 27] We affirm the district court's judgment concluding Cheetah was not entitled to an award of double damages under N.D.C.C. § 32–03–28. We reverse the district court's order denying attorneys' fees and remand for proceedings consistent with this opinion.

[¶ 28] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, DALE V. SANDSTROM and CAROL RONNING KAPSNER, JJ., concur.