# IN THE SUPREME COURT

# STATE OF NORTH DAKOTA

2019 ND 136

Watford City Lodging LLC,                                             Plaintiff and Appellant

v.

Christopher Dean Miskin,                                             Defendant and Appellee

No. 20180339

Appeal from the District Court of McKenzie County, Northwest Judicial District, the Honorable Daniel S. El-Dweek, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Tufte, Justice.

William C. Black, Bismarck, N.D., for plaintiff and appellant.

Greg W. Hennessy, Williston, N.D., for defendant and appellee.

**Tufte, Justice.**

[¶1] Watford City Lodging LLC ("WCL") appeals from an order denying its motion to amend a judgment vacating a default eviction judgment. WCL argues the district court lacked subject matter jurisdiction over the eviction proceedings, exceeded its jurisdiction by making extraneous findings and conclusions of law, and abused its discretion by denying WCL's motion to amend the judgment. We reverse the court's order and remand for the court to vacate its extraneous findings of fact and conclusions of law in its judgment vacating the default eviction.

I

[¶2] On November 22, 2017, WCL filed an eviction complaint against Christopher Miskin. WCL claimed Miskin planned to purchase property WCL owns, he signed an early occupancy agreement as part of the sale, the early occupancy agreement required him to pay $8,000 in earnest money, he never paid the earnest money, he indicated he would not be purchasing the property, and he continued to be in possession of the property despite being told to evacuate and receiving a three-day notice to evict. A notice of hearing was filed, stating a "scheduling conference" was set for December 11, 2017.

[¶3] On December 11, 2017, a hearing was held on the eviction complaint. Miskin did not appear at the hearing. On December 14, 2017, the district court entered a default eviction. The court found Miskin was served with a notice to evict as required by statute, and Miskin failed to appear for the hearing and did not answer the complaint. The court also found WCL leased the property to Miskin, the lease agreement required Miskin to pay $8,000 monthly rent, and Miskin materially violated the lease by failing to timely pay rent. The court ordered Miskin's immediate eviction. Judgment of eviction was entered.

1

[¶4]   On February 7, 2018, Miskin moved to vacate the default judgment of eviction. Miskin argued his eviction was wrongful because N.D.C.C. § 47-32-02 requires an eviction hearing to be held within three to fifteen days after issuance of a summons; the hearing was held on December 11, 2017, nineteen days after the summons was issued; and therefore the court did not have jurisdiction to issue the eviction order and judgment. He also argued the purchase agreement and early occupancy agreement were not a lease, there was no lease agreement, and therefore the summary eviction proceedings did not apply. WCL opposed the motion.

[¶5]   After a hearing, the district court entered an order vacating the default eviction judgment. The court concluded the matter was inappropriate as a summary eviction matter, the parties did not have a lease and had only a purchase agreement, Miskin's attorney was not served with the eviction pleadings, and the court did not have jurisdiction to evict Miskin. The court ordered Miskin be immediately restored to possession and occupancy of the premises. Judgment was entered consistent with the order.

[¶6]   WCL moved to amend the judgment to strike certain paragraphs. WCL argued the district court erred by ruling on matters other than possession of the premises and by taking testimony and receiving evidence when an evidentiary hearing had not been requested. WCL asserted the motion to vacate should have been the only question before the court. The district court denied the motion.

II

[¶7]   WCL appeals from the district court's order denying WCL's motion to amend the judgment vacating the default eviction judgment. WCL moved to amend the judgment under N.D.R.Civ.P. 59(j) and 60(b)(1) and (6). A district court's decision on a motion to amend a judgment under N.D.R.Civ.P. 59(j) or on a motion for relief from a judgment under N.D.R.Civ.P. 60(b) will not be reversed on appeal unless the court abused its discretion. *Werven v. Werven*, 2016 ND 60, ¶ 24, 877 N.W.2d 9. A court abuses its discretion when it acts in an arbitrary, unreasonable, or

2

unconscionable manner, when it misinterprets or misapplies the law, or when its decision is not the product of a rational mental process leading to a reasoned determination. *Id.*

[¶8] A motion to amend a judgment under N.D.R.Civ.P. 59(j) may be used to request the court reconsider its judgment and correct errors of law. *Flaten v. Couture*, 2018 ND 136, ¶ 28, 912 N.W.2d 330. We have explained that N.D.R.Civ.P. 60(b)(1) "may be used to relieve a party from a judgment for mistake, inadvertence, surprise, or excusable neglect." *Flaten*, at ¶ 29. Rule 60(b), N.D.R.Civ.P., "is the 'catchall provision' that allows a court to grant relief for 'any other reason that justifies relief' and should be invoked only when extraordinary circumstances are present." *Flaten*, at ¶ 29.

[¶9] Here, the judgment vacating the default eviction stated:

> 1. From the Findings of Fact, the Court concludes as a matter of law that:
> 2. This matter was inappropriate as a summary eviction matter;
> 3. There never was or is a lease agreement of any kind between the parties, but only a purchase agreement for $80,000.00 which [WCL] breached by failure to sign the deed and closing documents on June 10, 2017.
> . . . .
> 6. [WCL] did not serve [Miskin's attorney] with the eviction pleadings as required by [N.D.R.Civ.P. 5(b)(2)(a)], even though on notice that Mr. Miskin was represented by counsel.
> 7. There never was $8000.00 unpaid rent, but instead a pre-paid $8000.00 down payment on the $80,000.00 purchase price, plus another $8000.00 deposit to escrow for closing, as paid by Mr. Miskin totaling $16,000.00 in escrow as of June 10, 2017 through March 16, 2018.
> 8. It was wrongful eviction by [WCL] to use Ch. 47-32 N.D.C.C. against Defendant Miskin.
> 9. There is no evidence of breach of contract by Mr. Miskin.
> 10. The motion to vacate default judgment is timely under the [N.D.R.Civ.P. 60(b)(6)].
> 11. The Court had no jurisdiction to evict Mr. Miskin had the actual facts been presented to the Court by [WCL's attorneys] who only created confusion about the true case. Under the rule in *Basin Electric Power Coop. v. ND Workers Comp. Bureau*, 541 NW2d 685 (ND 1996)

the 3-15 day time limits of [N.D.C.C. § 47-32-02] are jurisdictional, therefore the hearing on day nineteen was void at the inception.

12. Mr. Miskin is entitled to treble damages for wrongful eviction in an amount to be determined;

13. Mr. Miskin has filed suit against [WCL] and [WCL's owner] individually for breach of contract and specific performance based on the purchase agreement in McKenzie Civ. No. 27-2018-CV-00096 which will address the other and further damages suffered at the hands of the defendants named therein.

14. The default judgment of eviction is hereby vacated, and Mr. Miskin is immediately restored to possession and occupancy of the premises more fully described in the complaint and purchase agreement.

[¶10] WCL moved to amend the judgment, arguing the district court erred by ruling on matters other than possession of the premises and by taking testimony and receiving evidence when an evidentiary hearing had not been requested. The court denied WCL's motion, explaining summary eviction proceedings under N.D.C.C. ch. 47-32 were inappropriate because there was no evidence under which any of the subsections of N.D.C.C. § 47-32-01 would apply and permit eviction. The court further ruled all of its findings were necessary to support its conclusion that the judgment should be vacated.

[¶11] On appeal, WCL argues the district court abused its discretion by denying its motion to amend the judgment. WCL asserts the court erred by making extraneous findings of fact and conclusions of law, including findings and conclusions about Miskin's potential breach of contract and wrongful eviction claims. WCL also contends the court erred by improperly joining Miskin's cause of action for wrongful eviction with the summary eviction proceeding and WCL did not have notice the court was going to litigate Miskin's claims during the hearing on the motion to vacate the default judgment.

[¶12] Eviction actions under N.D.C.C. ch. 47-32 are summary proceedings. *Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 4, 897 N.W.2d 334. Section 47-32-04, N.D.C.C., states:

An action of eviction cannot be brought in a district court in connection with any other action, except for rents and profits accrued or for

4

damages arising by reason of the defendant's possession. No counterclaim can be interposed in such action, except as a setoff to a demand made for damages or for rents and profits.

"The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession." *Cheetah Prop. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423 (quoting *Gasic v. Bosworth*, 2014 ND 85, ¶ 7, 845 N.W.2d 306).

[¶13] Section 47-32-04, N.D.C.C., "strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits." *Cheetah Prop.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423. The purpose of the no-counterclaim provision is to get a speedy determination of possession without bringing in extraneous matters. *Anderson v. Heinze*, 2002 ND 60, ¶ 11, 643 N.W.2d 24; *see also Gasic*, 2014 ND 85, ¶ 7, 845 N.W.2d 306. We have said that "the defendant may show the character of the possessory rights claimed by the parties[,] . . . [but] the right to the possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Spirit*, 2017 ND 158, ¶ 4, 897 N.W.2d 334 (quoting *Gasic*, at ¶ 8). "[A] party seeking damages in a summary eviction proceeding under N.D.C.C. § 47-32-01(4) is limited to those specified under N.D.C.C. § 47-32-04." *Spirit*, at ¶ 4.

[¶14] WCL concedes the district court properly vacated the default eviction judgment. Because both WCL and Miskin agree the court did not err by vacating the default eviction judgment, we do not consider the court's jurisdictional or factual basis for entering the default eviction judgment or its basis for vacating it.

[¶15] Once the district court decided the default eviction judgment must be vacated, there was nothing left for the court to act on or make findings about. However, the court found that WCL breached the purchase agreement by failing to sign the deed and close on the documents and that there was no evidence Miskin breached the contract. The court also found WCL's use of N.D.C.C. ch. 47-32 constituted wrongful eviction and Miskin is entitled to treble damages. "The right to the

5

possession of the real estate is the only fact that can be rightfully litigated unless damages or rent is claimed." *Aurora Med. Park, LLC v. The Kidney and Hypertension Ctr., PLC*, 2010 ND 122, ¶ 8, 784 N.W.2d 151 (quoting *Anderson*, 2002 ND 60, ¶ 11, 643 N.W.2d 24). Whether WCL's actions constituted wrongful eviction or it breached the purchase agreement did not affect whether Miskin was entitled to possession of the property. These issues are not permissible in a summary eviction action as counterclaims either. They must be brought in a separate action. *Id.* After the eviction judgment was vacated, there was nothing left to setoff or decide as a counterclaim, and it was error for the district court to make findings about any potential counterclaims or claims raised in separate proceedings.

[¶16] It was not necessary to the summary eviction action for the district court to find that WCL breached the contract or conclude that Miskin was entitled to treble damages for wrongful eviction, because those matters were not relevant to the limited issues of rightful possession or a setoff to a demand made for damages or for rents and profits accrued. N.D.C.C. § 47-32-04; *see Nelson v. Johnson*, 2010 ND 23, ¶ 35, 778 N.W.2d 773 (holding a counterclaim for retaliatory eviction was not appropriate in an eviction action); *United Bank of Bismarck v. Trout*, 480 N.W.2d 742, 749 (N.D. 1992) (holding the issue of whether the bank wrongfully retained funds did not affect appellants' right to possession and could not be litigated in the eviction action, but a claim for wrongful forfeiture could be pursued in a separate action). The court inappropriately made factual findings and conclusions of law about matters extraneous to the eviction proceeding.

[¶17] We conclude the district court misapplied the law and abused its discretion by denying WCL's motion to amend the judgment. We reverse the court's order denying WCL's motion and remand for the court to vacate its findings and conclusions in paragraphs numbered 3, 7, 8, 9, 12, and 13 of the judgment vacating the default eviction judgment.

III

6

[¶18]  We have considered the remaining issues raised, and we conclude they are either unnecessary to our decision or are without merit.  We reverse the district court's order denying WCL's motion to amend the judgment and remand for the court to vacate certain findings and conclusions in its judgment consistent with this opinion.

[¶19]  Jerod E. Tufte
Daniel J. Crothers
Lisa Fair McEvers
Jon J. Jensen
Gerald W. VandeWalle, C.J.