# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2023 ND 123

Hegenes Apartment Management, Inc.
d/b/a Windwood Estates,                                    Plaintiff and Appellee

v.

William Borlay,                                           Defendant and Appellant

and

All others in possession,                                              Defendants

### No. 20220349

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Stephanie R. Hayden, Judicial Referee.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Matthew D. Kirschenmann, Fargo, ND, for plaintiff and appellee; submitted on brief.

William Borlay, self-represented, Gwinner, ND, defendant and appellant; submitted on brief.

**Crothers, Justice.**

[¶1]   William Borlay appeals from a judgment evicting him from possession of an apartment for debts accrued under two leases, and ordering him to pay damages to Hegenes Apartment Management. We reverse and remand.

I

[¶2]   In December 2021, Hegenes and Borlay executed a six-month lease for an apartment in Fargo. The lease term was from January 1, 2022, to June 30, 2022. Borlay owed $730 in rent each month under the lease.

[¶3]   According to testimony, due to a software error, Hegenes charged Borlay monthly rent of $670 instead of $730 during the first five months of the lease. Hegenes became aware of the error in May 2022. Hegenes notified Borlay of the error and requested payment, but Borlay refused. Hegenes' tenant ledger showed Borlay failed to pay $300 in rent from January 2022 through May 2022.

[¶4]    In June 2022, Hegenes and Borlay executed another six-month lease, effective from July 1, 2022, to December 31, 2022. Borlay owed Hegenes $730 in rent each month, plus $40 each month for garage rent. If Borlay failed to pay rent by the third day of each month, the lease authorized Hegenes to charge a $50 late fee.

[¶5]   On September 9, 2022, Hegenes posted a three-day notice on Borlay's apartment door. The notice stated Borlay owed $100.50 in past due rent and late fees. The notice provided it was served on Borlay under N.D.C.C. § 47-32-02, relating to eviction.

[¶6]   On September 30, 2022, Hegenes sued Borlay to evict him from the apartment, alleging he owed $1,220.50 in unpaid rent and late fees. After hearings on October 14 and October 21, 2022, the district court found Borlay failed to pay $1,220.50 in rent and late fees under both leases. The court

entered a judgment of eviction and ordered Borlay to pay $1,875 for unpaid rent, late fees, attorney's fees and costs.

II

[¶7]   Borlay argues that the district court's ruling was biased and unfair and that the court should not have considered the January 2022 lease in deciding whether to evict him for nonpayment of rent.

[¶8]   Eviction actions under N.D.C.C. ch. 47-32 are summary proceedings available in limited circumstances. N.D.C.C. § 47-32-01. We have explained the expedited procedure under N.D.C.C. ch. 47-32 as follows:

> "Section 47-32-02, N.D.C.C., provides for an expedited procedure, with the defendant allowed between three and fifteen days to appear and defend in the action. If the court finds for the plaintiff, the court must enter judgment granting immediate restitution of the premises to the plaintiff, but the court may delay execution in case of hardship for a reasonable period not exceeding five days. N.D.C.C. § 47-32-04. The statute strictly limits the parties' ability to combine the eviction with other claims and precludes the defendant from interposing a counterclaim, except as a setoff to the plaintiff's claim for damages, rent, or profits. N.D.C.C. § 47-32-04. The proceeding is limited to a speedy determination of the right to possession of the property, without bringing in extraneous matters. The purpose of the statute is to provide an inexpensive, expeditious, and simple means to determine possession."

*Spirit Prop. Mgmt. v. Vondell*, 2017 ND 158, ¶ 4, 897 N.W.2d 334 (quoting *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 20, 879 N.W.2d 423).

[¶9]   The right to the possession of the real estate is the only fact that can be litigated unless damages or rent is claimed. *Vondell*, 2017 ND 158, ¶ 4. Thus, "a party seeking damages in a summary eviction proceeding under N.D.C.C. § 47-32-01(4) is limited to those specified under N.D.C.C. § 47-32-04." *Vondell*, at ¶ 4. "Specifically, a party may seek damages resulting from 'rents and profits accrued or for damages arising by reason of the defendant's possession.'" *Id.* (quoting N.D.C.C. § 47-32-04).

2

[¶10] Here, before the January 1 lease expired on June 30, 2022, Borlay executed another six-month lease effective July 1, 2022. Both lease agreements state the monthly rent is $730, and if a tenant fails to pay rent by the third day of each month, Hegenes may charge a $50 late fee. Under section 3.2 of each lease, a "failure to pay rent or other amounts that you owe when due" is a default. If a tenant defaults, lease section 3.2 entitles Hegenes to sue for possession, unpaid rent and other amounts.

[¶11] Hegenes sued Borlay for eviction on September 30, 2022, while the July 1 lease was in effect. According to Hegenes' tenant ledger, Borlay paid rent in July, August and September. Hegenes charged Borlay a $50 fee in September for late payment of rent. The tenant ledger showed Borlay owed $820 for October rent and a late fee for October. However, at the October 14 hearing, a Hegenes representative testified Borlay sent a $770 check for the October rent, but Hegenes did not apply it to his account. Borlay testified he paid the October rent on October 1.

[¶12] Hegenes also sought eviction on the basis of Borlay's failure to pay $300 in rent during the January 1 lease. The January 1 lease expired on June 30, 2022, and no longer governed Borlay's tenancy because he executed another lease effective July 1, 2022. Nothing in the plain language of the July 1 lease states any amounts due under an earlier lease would carry over to the July 1 lease. Therefore, after July 1, the $300 in accrued rent and other amounts due under the expired January 1 lease were a debt owed to Hegenes. That debt was not recoverable under N.D.C.C. ch. 47-32.

[¶13] Under N.D.C.C. § 47-32-01(4), a lessor may sue to evict if a lessee "holds over after the termination of the lease or expiration of the lessee's term, or fails to pay rent for three days after the rent is due." Borlay was not holding over under the January 1 lease because he executed a new lease effective July 1, 2022. Under this statute, Hegenes could not bring an action for eviction and damages on the basis of unpaid rent under the expired January 1 lease.

[¶14] Under the July 1 lease, Hegenes charged Borlay a $50 fee for late payment of September rent. Hegenes' lawsuit also sought the October rent;

3

however, Hegenes acknowledged Borlay sent a check for the October rent but Hegenes did not apply the payment to his account. On these facts, the district court erred in concluding Hegenes was entitled to a judgment of eviction on the basis of a failure to pay rent under the expired January lease. We reverse the judgment and remand for a determination of whether Hegenes was entitled to evict Borlay for his late payment of rent in September 2022 and, if so, for consideration of an award of attorney's fees limited to that proceeding.

## III

[¶15] The judgment is reversed and remanded.

[¶16] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr